GEORGE E. BRIGHTSON, Respondent, *v.* THE H. B. CLAFLIN COMPANY, Appellant.

1. MASTER AND SERVANT — PLEADING. An allegation in the complaint in an action for services, that a written agreement for five years which had just expired was continued for a further term of five years upon the same terms and conditions, is not supported by evidence received under objection that the plaintiff held over and continued in the service of the defendant with its consent until he was discharged, where the latter denies the making of the second contract and interposes the defense of the Statute of Frauds expressly alleging that there was no note or memorandum in writing thereof.

2. EVIDENCE — ERRONEOUS PROOF OF NET PROFITS OF SALES UPON WHICH COMMISSIONS OF EMPLOYEE WERE BASED. Where the manager of a " department " in a department store, who was to receive for his services a certain commission on the net annual profits of the sales of such department, to be paid at the end of each year, in addition to a certain sum per month, was discharged four months before the expiration of the time for which he claimed to have been hired, he cannot establish, in an action brought after the expiration of the alleged contract, the amount of the commissions which he claims, by proof of the result in his department for the two years preceding the year in which he was discharged, especially where there were no profits during the first six months of the year in question, but on the contrary a loss; the question whether at the end of the four months, remaining before the expiration of plaintiff's time of service, the situation was changed, the loss wiped out and a net profit secured upon which to base a recovery of commissions might have been ascertained from the inventories and books of the department, made up to the end of the year, and plaintiff should have produced such inventories and books in court or required them to be produced.

*Brightson* v. *H. B. Claflin Co.*, 84 App. Div. 557, reversed.

(Argued December 7, 1904; decided December 30, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 17, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John L. Wilkie, William B. Goodwin* and *Moses Ely* for appellant. If plaintiff's testimony as to his contract of employment established a new contract for five years the trial court erred in denying the defendant's motion to dismiss the complaint on the ground that the contract proved was invalid under the Statute of Frauds. (*Reed* v. *McConnell*, 133 N. Y. 425 ; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420.) If plaintiff's testimony as to his contract of employment merely established a holding over from year to year, this was a variance from the five-year contract pleaded and the trial judge erred in allowing plaintiff, over defendant's objection that such testimony was inadmissible because not pleaded, to prove a holding over by intendment of law where no amendment of the complaint was asked for or ordered at the trial ; and the Appellate Division had no power under such circumstances to deem the complaint amended. (*Bossert* v. *Poerschke*, 51 App. Div. 380 ; *Page* v. *D. & H. C. Co.*, 76 App. Div. 160 ; *Kipp* v. *N. Y. C. & H. R. R. R. Co.*, 89 App. Div. 392 ; *Conklin* v. *McCauley*, 41 App. Div. 455 ; *Smith* v. *Wetmore*, 167 N. Y. 237 ; *Neudecker* v. *Kohlberg*, 81 N. Y. 296 ; *Pope* v. *Terre Haute, etc.*, 107 N. Y. 61 ; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420 ; *Tooker* v. *Arnoux*, 76 N. Y. 397 ; *Beecher* v. *Schuback*, 1 App. Div. 359 ; *Schnaier* v. *Nathan*, 31 App. Div. 225.) A cause of action based upon an agreed contract between the parties for an employment for five years is an entirely different cause of action from one based upon a contract for one year arising by intendment of law from holding over by plaintiff after the expiration of a previous written contract, and a complaint cannot be amended even at the trial over defendant's objection so as to set up a different cause of action. (*Reeder* v. *Sayre*, 70 N. Y. 180 ; *Freeman* v. *Grant*, 132 N. Y. 22 ; *Reed* v. *McConnell*, 133 N. Y. 425.) The trial court erred in allowing the plaintiff, over exception of the defendant, to give the gross sales of his department for 1899 and 1898. The books of the department were the best evidence and should have been produced, or some explanation made for their non-production, or the entries should have

been proved to be correct by the man who made them. (*State Bank* v. *Brown,* 165 N. Y. 216; 1 Greenl. on Ev. [15th ed.] § 82; *Sherman* v. *Brayton,* 119 N. Y. 623; *McCall* v. *Moschowitz,* 14 Daly, 16; *Kearney* v. *Mayor,* 92 N. Y. 617; *Batchelor* v. *Hatie,* 23 Misc. Rep. 119.)

*Sidney H. Stuart* for respondent. The contract of employment between the plaintiff and the defendant was a yearly and a valid contract. (*Dodge* v. *Crandall,* 30 N. Y. 294; *Bleeker* v. *Johnson,* 51 How. Pr. 380; *Schuyler* v. *Smith,* 51 N. Y. 309; *Coudert* v. *Cohn,* 118 N. Y. 309; *Wallace* v. *Devlin,* 36 Hun, 275, 276; *Ball* v. *Storer,* 82 Hun, 460; *Vail* v. *Little Falls Man. Co.,* 32 Barb. 564; *Laughran* v. *Smith,* 75 N. Y. 205; *People* v. *Van Rensselaer,* 9 N. Y. 291; *Curtis* v. *Leavitt,* 15 N. Y. 97; *Adams* v. *Fitzpatrick,* 125 N. Y. 124.) The damages sustained by plaintiff in consequence of his discharge were amply proven and to an amount more than sufficient to sustain the verdict. (*Howard* v. *Daly,* 61 N. Y. 362; *Wakeman* v. *W. & W. Man. Co.,* 101 N. Y. 205; *Taylor* v. *Bradley,* 39 N. Y. 129; *Crittenden* v. *Johnson,* 7 Hun, 258.) The discharge of the plaintiff by the defendant was without cause and was unwarranted. (*Shaw* v. *R. L. Ins. Co.,* 69 N. Y. 286; *Burtis* v. *Thompson,* 42 N. Y. 246; *Smith* v. *Wetmore,* 167 N. Y. 234; *H. Ins. Co.* v. *Morse,* 87 U. S. 444; *Barron* v. *Burnside,* 121 U. S. 186.) The alleged mistakes, or discrepancies, in the inventory of December 31, 1899, were not sufficient grounds for the discharge of the plaintiff on August 21, 1900, or any time. (*Knox* v. *E. M. Co.,* 148 N. Y. 441; *Frank* v. *C. Nat. Bank,* 84 N. Y. 209; *Sabin* v. *Kendrick,* 58 App. Div. 108.) There is nothing in the exceptions taken by the defendant, either to the testimony, or the charge, which would warrant a reversal of the judgment. (*Smith* v. *Wetmore,* 167 N. Y. 234; *Ayrault* v. *P. Bank,* 47 N. Y. 570; *Jones* v. *Osgood,* 6 N. Y. 233.) No amendment of the complaint was necessary. (*Szuchy* v. *H. C. & I. Co.,* 150 N. Y. 219; *C. E. S. Co.* v. *A. T. Co.,* 161 N. Y. 605; *Lamkin* v. *Palmer,* 164

N. Y. 201; *Smith* v. *Wetmore*, 167 N. Y. 237; *Lumfer* v. *B. F. Co.*, 84 Hun, 311; *Reeder* v. *Sayre*, 70 N. Y. 180; *Milbank* v. *Jones*, 141 N. Y. 340; *Reed* v. *McConnell*, 133 N. Y. 425.)

O'BRIEN, J.    The plaintiff brought this action to recover $50,000 damages for breach of a contract of hiring, by which contract the relation of master and servant was established between the parties.    The defendant is a business corporation, with its principal place of business in the city of New York. Its business was conducted on so large a scale that it was divided into a great many departments, with a person at the head of each having general charge and supervision of it.    It is alleged that the plaintiff was employed at the head of what was known as the "notion department," which had its own staff of bookkeepers, entry clerks and general employees, numbering in all about two hundred.

It is averred in the complaint that on the 30th of November, 1892, the plaintiff entered into a written contract with the defendant, wherein and whereby it employed and hired the plaintiff to work for it as a manager of this department for the term of five years, beginning on the 1st of January, 1893, and the defendent agreed to pay him therefor twelve and one-half per cent of the net annual profits of the sales of said department in equal yearly payments, with a guaranteed drawing account of $500 per month, and that the plaintiff agreed to work for that time and for this compensation.    It is alleged that the plaintiff entered upon the performance of this agreement on his part, and performed the same fully until the first of January, 1898; that on or about that date it was agreed by and between the plaintiff and the defendant that said written agreement should be, and it was, continued for a further term of five years from the 1st of January, 1898, upon the same terms and conditions as the agreement of 1892 above stated; that the plaintiff entered upon the performance of this last agreement on his part and performed the same fully and entirely until the 21st of August, 1900, when the plain-

tiff, while engaged in carrying out the agreement, was, without any fault on his part, wrongfully discharged by the defendant from its employ and it refused to permit him to carry out the agreement.

It is quite important at the outset to get a clear idea of the plaintiff's cause of action as stated in the complaint. It is alleged that the written agreement for five years' services which had just expired was *continued* for a further term of five years upon the same terms and conditions as were embraced in the first written contract. An agreement to employ the plaintiff for five years in order to be valid should be in writing, and since it is alleged that the first written agreement for five years was continued for another five years, the legal effect of the allegation is that the second agreement was evidenced by some writing signed by the party to be charged thereby. The proper construction of the pleading, therefore, is that the plaintiff seeks to recover damages for the breach of a written contract of hiring commenced on the 1st day of January, 1898, and to terminate in five years thereafter.

On the trial the plaintiff sought to establish a cause of action only by proof that after the termination of the first written agreement, the plaintiff held over and continued in the service of the defendant, with the defendant's consent, to the time of his discharge. In other words, the plaintiff sought to recover for breach of an agreement from year to year to be implied by law from the fact that the plaintiff continued to hold over in the service after the expiration of each year. The evidence of the plaintiff in that regard was received under the defendant's objection and exception. The objection was to the effect that the proof was a departure from the cause of action stated in the complaint. No amendment of the complaint was asked or allowed, and the question is not in respect to the power of the court to grant an amendment in such case, but as to the right of the plaintiff to recover for the breach of a contract for one year based entirely upon an inference or implication of law. Where there is a hiring for one year and the servant continues in the employment after the expiration of the year

with the consent of the master, this effects a hiring for another year. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124.) But this is not the cause of action stated in the complaint. The plaintiff pleaded a written contract for five years, and he recovered for breach of a contract implied by law for one year. We think that the plaintiff did not recover *secundum allegata et probata*, and that this rule was violated at the trial, since the evidence was received under the defendant's objection. (*Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420; *Romeyn* v. *Sickles*, 108 id. 650; *Day* v. *Town of New Lots*, 107 id. 148.) In these cases it was held that it is a fundamental rule that a judgment shall be *secundum allegata et probata*, and that any departure from that rule is certain to produce surprise, confusion and injustice. It was said, with much force, that pleadings and a distinct issue are essential in every system of jurisprudence and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary. The defendant by its answer made a distinct issue with respect to the contract stated in the complaint. It denied the making of any such contract, and, among other defenses, interposed the Statute of Frauds, expressly alleging that there was no note or memorandum in writing of the five-year contract. Under the authorities cited above, the defendant's objection to the proof at the trial should have been sustained and the exceptions were well taken.

The defendant's answer also put in issue the allegation of the complaint that the plaintiff was wrongfully discharged and this issue raised a serious question for the plaintiff. There is no dispute about the fact that in December, 1899, the year before the plaintiff was discharged, he presented an inventory or statement to the defendant's executive officers purporting to show the sales and profits of his department during the year, and there is no dispute about the fact that the statement was untrue in that over $40,000 of goods were reported as sold which were in fact on hand. This statement enlarged the

basis for the plaintiff's commissions to that extent, and he was actually paid $5,000 in the form of commissions which he was not in fact entitled to. Whether this falsification of the inventory was the result of fraud, negligence or honest mistake may be another question, but the fact that the statement was untrue and that the plaintiff received the benefit of it seems to be undisputed, and there was no attempt on the part of the plaintiff to explain the discrepancy or any offer to restore what he had received on the faith of it. This condition of the plaintiff's account in his department was not brought to the attention of the defendant's officers until about a month before his discharge, and they then sought to obtain some explanation consistent with his honesty and fidelity, but failed in that respect. The relations between the plaintiff and the defendant's officers became somewhat strained in consequence of this incident, and in about a month after the discovery the plaintiff brought an action against the defendant to procure an injunction restraining the defendant from interfering with the management of his particular department. This move, of course, added fuel to the flame, and the defendant's president, the day after the papers were served upon him in the injunction suit, discharged him. The learned trial judge submitted to the jury the question arising upon these facts. The jury were instructed that if the falsification of the inventory was the result of fraud or negligence then the defendant had the right to discharge the plaintiff; but if it was an honest mistake, without fraud or negligence, that the plaintiff might be excused, and that if he commenced the injunction suit in good faith, intending only to assert his legal rights, and not for the purpose of annoyance, then he might be excused for that act as well. There does not seem to be any exception in the record to the submission of this question to the jury, nor to the charge in that respect, and since the judgment was unanimously affirmed below we do not think that this court can properly deal with the question concerning the defendant's right to discharge the plaintiff.

The breach of contract for which the plaintiff recovered $5,000 in this case consisted in discharging the plaintiff about the 21st of August, 1900, that is, about eight months from the commencement of the year and about four months before, according to the plaintiff's own theory of the case, his term would expire. This included the monthly guaranty of $500 a month for four months, and the loss of commissions for the whole year, which were to be estimated at the rate of twelve and one-half per cent upon the net profits of the department, and these net profits were to be ascertained according to certain rules described in the first written agreement, but which are not now very important. It is by no means clear that the plaintiff, under the circumstances of this case, was entitled to recover anything for commissions which were not yet earned and did not accrue, or could be ascertained only by the results at the end of the year. (Sedgwick on Damages, vol. 2 [8th ed.], § 671.) There are some cases in this state which appear to hold that such commissions or profits may be recovered as damages, but only when the plaintiff has made it appear that such profits are reasonably certain to be made, and that if he fails in such proof, he will not be entitled to recover on that basis. (*Lavens* v. *Lieb*, 12 App. Div. 487.) Whatever the rule may be in this respect, we think that the evidence which the plaintiff produced upon the trial of this case in order to establish his claim to commissions or profits was incompetent. The only proof offered was the result in the plaintiff's department for the two years preceding the year in which he was discharged. This evidence was received under the defendant's objection and exception as to its competency. It appears to be an undisputed fact in the case that for the first six months of the year in question there were no net profits in the department, but on the contrary a loss of between sixteen and twenty thousand dollars. The question was whether at the end of the four months during which the plaintiff's contract was to be in force, the situation was changed, the loss wiped out and a net profit secured upon which to base a recovery of commissions

amounting, according to the verdict, to $3,000. The books and inventories of the department were kept under the plaintiff's supervision and he could have produced these books or papers in court or required them to be produced, and thus the result of the business at the end of the year could be accurately known and clearly established. The results of the business in the department for the two previous years did not prove, or tend to prove, what the result was in fact at the end of the year in question. The business was constantly changing and the expense of the department increasing. Moreover, the statement of the net profits for the previous year, as claimed by the plaintiff, was discredited to the extent of $40,000 and could be no safe guide in ascertaining the net profits at the end of the following year. There is no difficulty or hardship in requiring the plaintiff to prove the net profits at the end of the year in question by the inventories and books of the department made up to the close of the year. The contract at most had only four months to run, and this action was commenced long after that period had expired. If the contract covered a long series of years instead of four months, possibly a different rule might be applied. But since it appears that up to the time of the plaintiff's discharge no profits had accrued, but a very considerable loss was suffered, we think it was not competent for the plaintiff to resort to vague statements as to the profits of the two previous years when the exact figures at the end of the year were available to him and could have been produced before the jury.

The judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY and VANN, JJ., concur; BARTLETT and HAIGHT, JJ., concur in the result, and MARTIN, J., concurs on ground last discussed in opinion.

Judgment reversed, etc.