GOTTLIEB TREFFINGER, Respondent, *v.* M. GROH'S SONS, Appellant.

*Pleading — allegations that plaintiff was hired for a year, beginning January 1, 1900, are not sustained by proof of an employment several years before that date and its annual continuance.*

Where the complaint in an action, brought to recover damages for the breach of a contract of employment, alleges that the defendant hired the plaintiff for a term of one year, beginning January 1, 1900, and that it discharged him without cause prior to the expiration of said year, the plaintiff cannot, without

amending his complaint, recover upon proof that several years prior to the year 1900 he had been hired by the defendant for a year, and that his services during the year 1900 rested upon an annual continuation of the relations created by the previous contract.

APPEAL by the defendant, M. Groh's Sons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of March, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Thomas F. Keogh*, for the appellant.

*Abram I. Elkus*, for the respondent.

PATTERSON, J.:

Several matters are urged as grounds for the reversal of the judgment from which the appeal in this case is taken. They are all serious, but there is one objection that is fatal to the maintenance of that judgment. It is alleged in the complaint that on or about the 1st day of January, 1900, the defendant corporation entered into an agreement with the plaintiff whereby it hired him to work for it as a brewmaster for the term of one year, beginning on the 1st day of January, 1900, at an agreed salary of $6,000, payable in a certain way, and other advantages to accrue to him. It is further alleged that the plaintiff entered upon the service and continued therein until November, 1900, when he was discharged without cause. The defendant in its answer denies that a contract was made as alleged in the complaint, but admits that the defendant was discharged from employment in November, 1900, which is only an admission that there was an employment and discharge. It is specifically denied in the answer that the employment was under the contract set forth in the complaint. On the trial the plaintiff failed to prove the contract he had counted upon, but made the effort to show that as far back as the year 1883 he had been employed as a brewmaster by the predecessor of the defendant, and that in 1897 he was employed by the present defendant through its president in the same capacity, and his claim upon the proof made was, and is, that he continued in the employment of the defendant from year to

year, and that his service during the year 1900 rested upon an annual continuation of relations antecedently entered into, and from which arose the presumption that he continued to serve upon the same terms, except as to the amount of compensation. That line of proof was objected to by the defendant whenever an opportunity was given, and the objection was specifically taken that the plaintiff could not recover upon what is called the "hold over" relation, because that was not pleaded as the cause of action, and the defendant moved to dismiss the complaint at the close of the plaintiff's case on the ground that if any contract had been proven it was not the contract alleged in the complaint, and that if the plaintiff relied upon a contract of "hold over" he should have pleaded it, and the motion was renewed at the close of the proofs.

The defendant fully guarded its rights during the trial in raising the question. The court should have dismissed the complaint, no amendment having been asked and no application having been made to withdraw a juror to allow a motion for an amendment to be made at the Special Term. The plaintiff has recovered upon a state of facts absolutely at variance with the allegations of the complaint and under circumstances which have prevented the defendant from setting up the defense of the Statute of Frauds as against the cause of action which manifestly on the facts proven might have been interposed. The plaintiff, relying upon antecedent employment and the continuation of that employment for another year, was bound to set up his cause of action as it existed. The rule can be stated in no more convincing way than as follows: "Where there is a hiring for one year and the servant continues in the employment after the expiration of the year with the consent of the master, this effects a hiring for another year. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124.) But this is not the cause of action stated in the complaint. The plaintiff pleaded a written contract for five years, and he recovered for breach of a contract implied by law for one year. We think that the plaintiff did not recover *secundum allegata et probata*, and that this rule was violated at the trial, since the evidence was received under the defendant's objection. (*Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420; *Romeyn* v. *Sickles*, 108 id. 650; *Day* v. *Town of New Lots*, 107 id. 148.) In these cases it was held that it is a fundamental rule that a judg-

ment shall be *secundum allegata et probata,* and that any departure from that rule is certain to produce surprise, confusion and injustice." (*Brightson* v. *Claflin Co.,* 180 N. Y. 76.)

The judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.