### CROSS v. FLORSHEIM et al.

(Supreme Court, Appellate Division, First Department. March 24, 1905.)

MASTER AND SERVANT—WRONGFUL DISCHARGE OF SERVANT—ITEMS OF DAMAGE.

A traveling salesman, who was wrongfully discharged before the termination of the period for which he was employed, was entitled to recover the salary which he would have earned during the balance of his term, but not hotel bills and traveling expenses paid by him after his discharge.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 50–53.]

Appeal from Trial Term, New York County.

Action by Christopher B. Cross against Simon Florsheim and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed on condition.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Louis S. Phillips, for appellants.
John A. Mapes, for respondent.

PER CURIAM. The plaintiff had a contract with the defendants by which he was to render services for them as traveling salesman during the year 1900, and to receive, as compensation therefor, commissions upon goods sold, in addition to his traveling expenses. He was discharged on the 1st of September, and brought this action to recover the commissions which he might have earned during the balance of the year, upon the theory that he was wrongfully discharged. The action was tried and submitted to the jury upon the theory that the plaintiff was entitled to recover, if at all, the commissions which he might have earned after his discharge, together with the sum of $175, conceded to be due him at that time, less what he earned thereafter during the term of the contract. He had a verdict for $979.04. It appeared that he had, previous to 1900, rendered similar services for the defendants, and was paid therefor similar commissions, including expenses. To establish what he might have earned if he had not been discharged, he proved what he earned each month during the year 1899, and also each month down to the time of his discharge, in 1900. From this proof it appeared that during the months of September, October, November, and December, 1899, he earned $580.42; and we think the jury was justified in finding that he would have earned this sum during the

corresponding months of 1900, if he had not been discharged, but the evidence did not justify a finding that he would have earned any greater sum. He clearly was not entitled to recover from the defendants the hotel bills and traveling expenses paid by him after he was discharged; nor did the evidence justify a finding that his sales might have been 25 per cent. larger the last four months of 1900 than they were the corresponding months of the preceding year (Brightson v. H. B. Claflin Co., 180 N. Y. 76, 72 N. E. 920; Lavens v. Lieb, 12 App. Div. 487, 42 N. Y. Supp. 901), any more than it would that he might have made larger sales, had his territory not been restricted. We think, therefore, all that the evidence justified the jury in awarding the plaintiff was $631.32, viz., $580.42 plus $50.90, the difference between what was conceded to be due him at the time he·was discharged and what he earned thereafter.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide event, unless the plaintiff stipulates to reduce the judgment as entered, including costs, allowance, etc., to the sum of $859.34, in which event the judgment should be modified accordingly, and, as thus modified, affirmed, without costs to either party.