ROSA ABSALON, Respondent, *v.* RUDOLPH SICKINGER, Appellant.

*Action to set aside a deed because of a false representation that it was a will — it cannot be sustained on the ground that " owing to her (the plaintiff's) advanced age and the relation which the defendant bore to her," a case of undue influence was made out — what is undue influence.*

In an action brought to set aside a deed executed by the plaintiff, a woman fifty-nine years of age, to the defendant, her nephew, the complaint alleged that the defendant induced the plaintiff to execute the deed by falsely and fraudulently representing to the plaintiff that the instrument was her last will and testament.   The trial judge found that no such representations were made to the plaintiff at the time she executed the deed, but, notwithstanding this finding, gave judgment for the plaintiff on the ground as stated by him, "owing to her advanced age and the relation which the defendant bore to her, I think a case of undue influence is made out."

*Held,* that in the absence of an amendment to the complaint the trial court had no power to grant the plaintiff relief upon a different theory than that stated in such complaint;

That, assuming that the Appellate Division might treat the complaint as having been amended in accordance with the evidence, the plaintiff was not entitled to relief on the theory advanced by the trial judge, as there was absolutely no evidence in the case tending to establish undue influence.

Undue influence contemplates that the person upon whom it is exercised shall be compelled to do a certain thing against his will; that by reason of overpersuasion amounting in law to coercion of the will, the party shall be brought to do that which he would not otherwise have done.

APPEAL by the defendant, Rudolph Sickinger, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of April, 1904, upon the decision of the court, rendered after a trial at the Kings County Special Term, declaring void a certain deed of premises in the borough of Brooklyn, New York city.

*John F. Brush,* for the appellant.

*Roswell H. Carpenter,* for the respondent.

WOODWARD, J.:

Rosa Absalon, the plaintiff in this action, was, on the 21st day of January, 1902, the owner of certain premises in the borough of Brooklyn, fully described in the complaint. On that date she made, executed and delivered to the defendant in this action a full warranty deed of such premises, without any immediate payment of a consideration, though the deed recites a consideration of five dollars, and this action is brought to set aside such deed, the material allegation of the complaint being as follows: " That the plaintiff being very sick and feeble and under the doctor's care, and not expected to live, and being under the influence of morphine and by reason thereof incapacitated from attending to business, the defendant on or about the 21st day of January, 1902, fraudulently taking advantage of the plaintiff's said incapacity, procured her to sign a certain writing without paying her any consideration therefor, and which writing the defendant, Rudolph Sickinger, falsely and fraudulently represented to the plaintiff to be her last will and testament."

The plaintiff is a woman fifty-nine years of age, and has supported her invalid husband by conducting a candy store, and subsequently by keeping boarders. On the day in question it is conceded that

she was up and dressed, and there is no evidence in the case to show that she was under the influence of morphine or of any other drug, and the plaintiff appears to remember the details of the meeting, though there is some suggestion that she fainted away after the deed was signed and remembers nothing after that time in reference to the transaction. There is no dispute that the plaintiff intended to give the defendant, her nephew, who had lived with her for a number of years, and who had received no compensation for his services except his board and clothing, the premises involved in this action, and the only question of fraud in the case is the alleged representation on the part of the defendant that the paper which the plaintiff executed was a will instead of a deed. That is the essence of this action, and the learned justice who has decided in favor of the plaintiff concedes in a memorandum filed that " I think the plaintiff's proof falls short of establishing this allegation. I believe that the witness Benedict told the truth, that he drew the deed and read it to her and that no representations were made to her at the time of its execution that it was a will." Notwithstanding this, the learned court found in favor of the plaintiff, and explains his action as follows : " But owing to her advanced age and the relation which the defendant bore to her I think a case of undue influence is made out. Undue influence is said to be a species of fraud (*Matter of Smith*, 95 N. Y. 522), and under the doctrine laid down in *Barnard* v. *Gantz* (140 N. Y. 249) and the case there cited, in view of her dependent position, the lack of consideration, and what appears to me to be the unconscionable result of depriving her of this property, I think it is my duty to declare the deed void, and direct that it be delivered up for cancellation."

There was no amendment of the complaint suggested upon the trial, and the effort of the court to afford relief upon a different basis from that set forth in the complaint, while creditable to an individual sense of justice in the particular case, is not in accord with the established practice of our courts ; the rule is still extant that the plaintiff must recover *secundum allegata et probata*. (*Brightson* v. *Claflin Co.*, 180 N. Y. 76, 81, and authorities there cited.) But assuming that the complaint might be amended, or be deemed to be amended in accord with the evidence, there is absolutely no evidence in this case of any element of undue influence. On the

contrary, the plaintiff's own evidence negatives such a suggestion. She was asked by her counsel: " If you had known this paper which you signed was a deed conveying that lot to Mr. Sickinger during your life, would you have signed it?" This was objected to as irrelevant, immaterial and incompetent, but the court permitted the plaintiff to answer, and she said: " No, I cannot make any one a present when I am so poor myself." Undue influence contemplates that the person shall be compelled to do a certain thing against his will; that by reason of overpersuasion, amounting in law to coërcion of the will, the party shall be brought to do that which he would not otherwise have done, and the plaintiff says that if she had known the contents of the paper she would not have signed it, so that there could have been no element of undue influence in the matter. If there was no false representation as to the character of the paper, and the learned court believes that there was not — believes that the attorney who drew the paper read it to her, just as he says he did — there is an entire lack of the element of fraud. " Undue influence, which is a species of fraud," say the court in *Matter of Smith* (95 N. Y. 516, 522), " when relied upon to annul a transaction *inter partes*, or a testamentary disposition, must be proved, and cannot be presumed. But the relation in which the parties to a transaction stand to each other is often a material circumstance, and may of itself in some cases be sufficient to raise a presumption of its existence. Transactions between guardian and ward, attorney and client, trustee and *cestui que trust*, or persons, one of whom is dependent upon and subject to the control of the other, are illustrations of this doctrine." In the case at bar, however, none of these relations existed. The defendant had been living apart from the plaintiff for several years; he was earning about eighteen dollars per week, which he used in the support of his own family, and the plaintiff, a self-reliant woman, owning considerable property, and only fifty-nine years of age, was in no sense dependent upon him, nor does the evidence disclose any confidential relations, except, possibly, that the defendant was in the habit of doing errands for her, and it was he who had the deed drawn at the request, as he says, of the plaintiff. The plaintiff does not dispute that she requested him to have some kind of a paper drawn, but she now insists that it was to be a will, while the defendant, supported

by interested and disinterested evidence, claims that he was asked to have a deed drawn, and gives the reasons suggested by the plaintiff why she preferred a deed to a will. As the court does not believe that the defendant was guilty of misrepresentation as to the character of the paper at the time of its execution, and as the evidence fails to establish any element of undue influence, there is no foundation on which the judgment may properly rest.

In *Barnard* v. *Gantz* (140 N. Y. 249), relied upon by the learned court, the party making the transfer was dealing with her son-in-law, who had been her confidential adviser and agent, and with her own son. The court held that the relations existing between the parties was such as to bring them within the equitable rule which casts upon the parties benefited by the transaction the burden of showing that the transfer was voluntary and the intelligent act of the party who made it, and that its nature and effect were fully understood. (See p. 256.) In that case the woman was eighty years of age, and the transaction was complicated by the making and execution of a will at the same time, and the relations were undoubtedly such that Mrs. Crouse had a right to rely upon their acting in absolute good faith. In the case now before us the plaintiff injected into her testimony, and the learned court refused to strike out on motion, a declaration to the effect that the defendant, while living with the plaintiff, "robbed me so much, stole so much, broke me, I could not keep no candy store any more," and while this was undoubtedly improperly in the case, it serves to show that the plaintiff had no reason to rely upon the defendant. The plaintiff, as between herself and the defendant, had a perfect right to give away this property if she chose to. There is no evidence in the case that the defendant ever made any request of her to give him the property, or that he ever attempted to influence her in its disposition. His only relation to the transfer, so far as the evidence discloses, is that he went to Mr. Benedict, at the request of the plaintiff, for the purpose of procuring the services of Mr. Benedict in drawing the deed, and the court believed that Mr. Benedict, who must be presumed to be a reputable member of the legal profession, told the truth in regard to what transpired at the time of executing the deed. Mr. Benedict had performed other services for the plaintiff, and if she did not understand the document or its pur-

poses, she has only herself to blame, for it is not to be presumed that Mr. Benedict would have failed to fairly enlighten her if she had made any inquiries. Certain it is that the defendant did not occupy such a confidential relation as to warrant the plaintiff in accepting a deed as a will, where the same was read over to her for the purpose of enlightening her. If the defendant had gone to her and procured the signing and execution of the deed under suspicious circumstances, there might have been some ground for the theory of undue influence or fraud, but he merely sent a reputable lawyer to the defendant at her request, and it is impossible to convict the defendant of fraud without involving this attorney, whose standing is not questioned, and who testifies that the defendant was bright and cheerful at the time of his visit.

A careful reading of the evidence convinces us that the plaintiff intended to convey this property to her nephew in consideration of his services during the time that he lived with her, and for the purpose of placing it beyond the power of her stepson to reach any part of the same after her death, and that the suggestion of fraud in substituting a deed for a will occurred to the plaintiff after the latter had formed a prejudice against the defendant's wife. But, be this as it may, after the plaintiff made the alleged discovery that the instrument was a deed rather than a will, she appears to have remained entirely passive. She made no suggestion of this alleged fraud when she went to Mr. Benedict and asked him if he could not set the deed aside, and she subsequently accepted a paper signed by the defendant, in which the latter, for a valuable consideration, undertook, under specified conditions, to take care of plaintiff's husband during the remainder of his life. She accepted this with a full knowledge of the facts, if they were as she claims, and this would appear rather as a ratification of the alleged fraud than as an evidence that the defendant was willing to deprive the plaintiff of the means of caring for her husband.

The judgment appealed from should be reversed and a new trial granted, costs to abide the final award of costs.

HIRSCHBERG, P. J., BARTLETT and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment reversed and new trial granted, costs to abide the final award of costs.