(56 Misc. Rep. 579.)

### EPSTEIN et al. v. COHEN et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. PLEADING—ISSUES. PROOF, AND VARIANCE.
   A plaintiff can recover only secundum allegata et probata.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1300.]

2. SAME.
   Where a complaint set forth an ordinary contract of bailment, plaintiffs alleging that they gave a horse into the custody of defendants, who promised to return it, but refused to do so, and it was shown that the horse had died, plaintiffs were not entitled to recover on proof of an express promise by defendants to stand good for the horse.

3. APPEAL—AMENDMENTS TO PLEADINGS.
   Where plaintiffs failed to prove the cause of action alleged, and proper objections were made by defendants on the trial, and no amendment of the complaint was asked for, a judgment for plaintiffs on a cause of action not alleged could not be sustained on appeal.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2621, 2622.]

4. PLEADING—AMENDMENT—CONFORMING PLEADINGS TO PROOF.
   After trial the pleadings cannot be conformed to the proof.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 605.]

Appeal from City Court of New York, Special Term,

Action by Henry Epstein and another against Isaac Cohen and others. Judgment for plaintiffs, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Thomas J. O'Neill, for appellants.
Nathan Tolk, for respondents.

LEVENTRITT, J. This case was tried and submitted to the jury on a theory not sanctioned by the pleadings. As the defendants preserved their rights by proper motions and exceptions, the variance is fatal and calls for a reversal. The complaint alleges:

"That on or about the 14th day of September, 1900, the plaintiffs * * * at the request of the defendants * * * gave into the care and custody of these defendants a certain mare, which these defendants promised and agreed to return in the evening of the said date; * * * that the defendants have not returned * * * the said mare, although the plaintiffs demanded same from them, * * * and failed, neglected, and refused to return the said mare."

The answer, in addition to a general denial, sets up as a separate defense that the defendants hired the horse from the plaintiffs, and that it died during the period of hiring without any negligence on their part.

Phillip Freedman, one of the plaintiffs, testified as to the occurrences on the day of hiring:

"At the time Mr. Rich got the horse, I said to him, 'I cannot give you that horse, because it is a buggy horse,' and he did trucking business, and he could not stand hard work. He said: 'I will take it.' He said: 'My firm will stand good for the horse in case anything happens to the horse.'"

Defendants moved to strike out the answer as incompetent under the pleadings and as setting out a guaranty. Plaintiffs' counsel stated: "I waive the tort and sue on the contract." Whereupon the defendants renewed the motion to strike out on the ground that the contract testified to was not pleaded. The exception taken to the denial of the motion raises the question on appeal.

The plaintiffs rested squarely on the alleged contract to save them harmless. Similar testimony to that cited was given elsewhere in the record; and the court in submitting the case to the jury specifically charged that if the jury believed the evidence of the plaintiff that the defendants made an express promise to stand good for the horse, and used it other than as a buggy horse, liability would attach to the defendants. The pleading sets forth an ordinary contract of bailment. If there was any waiver of a tort and an election to sue in contract, that election was made by the complaint itself. That a plaintiff can recover only secundum allegata et probata is still a fundamental rule. Brightson v. Claflin Co., 180 N. Y. 76, 81, 72 N. E. 920; Southwick v. First National Bank of Memphis, 84 N. Y. 420; Absalon v. Sickinger, 102 App. Div. 383, 92 N. Y. Supp. 601. "If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." Brightson v. Claflin Co., supra.

The defendants tendered a distinct issue as to the contract of bailment. They claimed to be relieved of liability under that special contract by setting up the death of the horse without any fault on their part. On the trial the plaintiffs seek to charge them with a different and more onerous special contract, wherein the liability assumed approximates that of insurer. The plaintiffs having failed to prove the cause of action set up in the complaint, and proper objections having been made on the trial, and no amendment of the pleading having been asked for, the judgment in plaintiffs' favor on a cause of action not alleged cannot be sustained on appeal, nor after trial can the pleadings be conformed to the proof. Northam v. Dutchess Co. Mut. Ins. Co., 177 N. Y. 73, 69 N. E. 222; Korn v. Weir (Sup.) 88 N. Y. Supp. 976.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.