## ALTMAYER v. LAHM et al.

(Supreme Court, Appellate Term. January 7, 1909.)

1. MASTER AND SERVANT (§ 80*)—CONTRACT OF EMPLOYMENT—VARIANCE.

Where plaintiff sought to recover commissions as a traveling salesman, and pleaded a specific hiring, made January 1, 1906, to terminate December 31st of that year, he could not recover on evidence of a hold-over agreement effected by a continuation in the employment with his employer's consent after the contract for the year 1905 had expired.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 114; Dec. Dig. § 80.*]

2. MASTER AND SERVANT (§ 7*)—ACTION FOR SERVICES—NEW AGREEMENT—CONSIDERATION.

Where plaintiff contracted to work as defendants' traveling salesman on a commission of 7½ per cent. on all goods sold to customers procured by him, and in an action to recover commissions defendants testified that they told plaintiff, when he left their employment, that he would be allowed commissions on duplicates or reorders, such promise was without consideration.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 7; Dec. Dig. § 7.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Special Term.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Nathaniel Altmayer against Isaac Lahm and another. From a judgment for plaintiff for less than the relief demanded, on a referee's report, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Samuel J. Rawak, for appellant.
Phillips & Samuels, for respondents.

MacLEAN, J. The dispute in this voluminous case is whether the plaintiff should be allowed commissions on certain sales made after the close of his employment by the defendants. Not a little of the evidence and much of the prolix argumentations arise from the verbiage used by the respective pleaders. For the plaintiff it was alleged that he, on or about January 1, 1906, made an agreement of employment "as selling salesman" for the period between January 1, 1906, and December 31, 1906; that he remained in that employment for that term and faithfully performed all his engagements. For the defendants this was denied, with four separate defenses and a partial defense besides. Each litigant strove to live up to what his attorney had had him verify. Each in term dropped the rôle made up for him by counsel in the law. At the latter end the plaintiff testified he practically continued under the arrangement for 1905; went right on, continuing under the original agreement (of 1904). There was no new agreement; no conversation with him as to continuing. This admission would have been a fatality, had due motion been made for dismissal when the plaintiff's counsel rested his case. Pleading, as he did, a specific agreement of hiring, entered into January 1, 1906, for the period terminating December 31st of that year, he might not recover on a "hold-over" agreement effected by continuation in the employment with the consent of his employers after the expiration of the first year. Treffinger v. Groh's Sons, 100 App. Div. 433, 91 N. Y. Supp. 837; Brightson v. Claflin Co., 180 N. Y. 76, 72 N. E. 920. This escaped pitfall of his own aside, it would be difficult to spell out from the whole story in the expensive volume of record he has presented enough to let him keep what he has been awarded.

He was a traveler, with one or more lines besides that of the defendants, whose samples he had from December, 1904, and received commissions on sales made by him directly to customers and upon their reorders or duplicates. The defendants repeatedly wanted him to pay his whole attention to selling their goods exclusively; but he never consented to that—to throw up everything else. This was pressed, however, in the autumn before the spring trade which began in November, and he sent back his samples—seemingly something like the surrender of the key by a tenant. He did claim, without much support in his testimony, commissions on goods sold before the 1st of January, 1907, "regardless of when they were shipped, and regardless of who made the sale, or any one else, if they were shipped to my customers." He was helped out by his adversaries. Excepting that he repudiated this claim of once a customer always a customer, that, once obtained, a customer became the salesman's appanage, with con-

sequent commissions on sales by others with samples of goods never carried by the plaintiff, the head of the defendant house, dropping his pleaded defenses, separate and special, supplied a need by saying that when they parted he told the plaintiff that defendants would allow him commissions on duplicates; i. e., reorders. For this offer no legal consideration appears. It may have been advisable, for the sake of the retiring salesman's good will in the turn of trade. At any rate the defendants vouched for it. So the learned referee, rejecting the claims of appanage, has allowed the plaintiff commissions upon all duplicate or reorders according to his views and credence of the evidence, with the like regard for the formal allegations that was shown on the trial for them by the plaintiff and the defendants and their respective counsel, one of whom would now revamp the pleadings with the significance they lost by mutual acquiescence in the long proceeding.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs in result.

SEABURY, J. (dissenting). The plaintiff appeals from a judgment in his favor, entered upon the report of a referee awarding him the sum of $279.71, with interest. The action was brought to recover the sum of $731.37 as commissions alleged by the plaintiff to have been earned by him while acting as selling agent for the defendants. The complaint alleged, and the plaintiff proved, that he was employed to act as selling agent for the defendants, from January 1, 1906, to December 31, 1906, for which service he was to receive a commission of $7\frac{1}{2}$ per cent. on all goods sold to customers procured by the plaintiff. The testimony of the plaintiff, as to his contract being for the term of one year, was corroborated by the evidence of the defendant Lahm. Under these circumstances the referee was in error in refusing to allow the plaintiff to recover commissions upon the sales made in November and December. The evidence does not seem to me to show that the relations of the parties under the contract were changed, or that the plaintiff did or failed to do anything which forfeited his right to recover commissions on the November and December sales. It seems to me that the evidence of the defendant Lahm is conclusive upon this point in favor of the plaintiff. The defendant Lahm testified that:

"There was no time I ever denied Mr. Altmayer was entitled to commissions on the November and December sales."

It appears, without dispute, that the referee did not allow the plaintiff commissions upon all of the sales made in November or any of the sales made in December. Nor can this ruling be sustained upon the theory that an agreement, subsequent to the contract, required the defendants to pay commissions only upon reorders. I do not think that the evidence establishes such an agreement, or, if it did, that there was any consideration for it.

For these reasons, I think that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.