■ JEFFREY ROSEN, Also Known as JEFF ROSEN, Appellant, v ESTELLE ROSEN et al., Respondents. [663 NYS2d 228] —In an action, *inter alia,* for partition of certain real property, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated November 12, 1996, which denied his motion to dismiss the counterclaim of Estelle Rosen, and (2), as limited by his brief, from so much of an order of the same court, dated January 22, 1997, as denied those branches of his motion which were (a) for summary judgment on so much of the third cause of action as sought cancellation of a deed dated February 28, 1985, and (b) to dismiss the counterclaim of Al Rosen.

Ordered that the order dated November 12, 1996, is reversed, on the law, without costs or disbursements, the plaintiff's motion is granted, and the counterclaim of Estelle Rosen is dismissed; and it is further,

Ordered that the order dated January 22, 1997, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on so much of his third cause of action as sought cancellation of the deed dated February 28, 1985, and substituting

therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's third cause of action sought, among other things, cancellation of a deed dated February 28, 1985, which purportedly transferred property located at 2355 Royce Street in Brooklyn from the defendant Estelle Rosen to herself and to the defendant Al Rosen. That branch of the plaintiff's motion which was for summary judgment cancelling that deed was based on an admission by Mr. Rosen that he had forged the deed. In his opposing papers, Mr. Rosen conceded that the forged deed should be cancelled. Notwithstanding the admission of the forgery and Mr. Rosen's concession, the Supreme Court denied that branch of the plaintiff's motion. Since the deed was void *ab initio (see, Filowick v Long,* 201 AD2d 893), the plaintiff was entitled to partial summary judgment cancelling the deed.

The plaintiff's contention that Mr. Rosen's counterclaim should have been dismissed, however, is without merit. Where, as here, the parties have submitted evidentiary material, the pertinent issue is whether the party possesses a cause of action, not whether one has been properly stated *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Mr. Rosen demonstrated the existence of a viable counterclaim against the plaintiff based upon breach of the agreement between those parties dated June 3, 1992, and therefore, the court properly denied that branch of the plaintiff's motion which was to dismiss Mr. Rosen's counterclaim.

Ms. Rosen's counterclaim against the plaintiff alleges that he fraudulently induced her to convey the Royce property and property located at 2360 Bergen Avenue to her and the plaintiff as joint tenants with rights of survivorship. Assuming fraudulent inducement, the conveyances were voidable *(see, Marden v Dorthy,* 160 NY 39, 50). As such, the conveyances were subject to ratification *(see, Absalon v Sickinger,* 102 App Div 383).

In 1995, Ms. Rosen executed and recorded deeds which severed the joint tenancy *(see,* Real Property Law § 240-c). Ms. Rosen admitted that after filing and recording the 1995 deeds, she and the plaintiff owned the Bergen and Royce properties as tenants in common. By merely changing the manner in which the plaintiff owned the property, she conceded his ownership interest. Further, she ratified the earlier deeds by failing to seek their cancellation despite having had knowledge of them for many years *(see, Lindenwood Dev. Corp. v Levine,* 178 AD2d 633). Accordingly, the Supreme Court should have dismissed Ms. Rosen's counterclaim. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.