In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Richmond *522 County (Giacobbe, J.), dated September 25, 2007, as amended September 12, 2008, as denied its motion for summary judgment to foreclose on the interest held by the estate of Raymond Chan in the subject property.
Ordered that the order, as amended, is affirmed insofar as appealed from, with costs.
The subject property was co-owned by three brothers. One of the brothers executed a deed conveying the premises to himself and one of the other brothers, obtained a loan from the plaintiff secured by a mortgage on the premises, subsequently filed for bankruptcy, and died. The respondents, in defense of the foreclosure action brought by the plaintiff, alleged that their signatures on the underlying deed and mortgage were forged by their deceased brother and that the deed and mortgage are fraudulent and invalid.
A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (see Cruz v Cruz, 37 AD3d 754 [2007]; Crispino v Greenpoint Mtge. Corp., 304 AD2d 608 [2003]; Yin Wu v Wu, 288 AD2d 104 [2001]; Rosen v Rosen, 243 AD2d 618 [1997]; Filowick v Long, 201 AD2d 893 [1994]). Thus, the Supreme Court correctly held that there are triable issues of fact as to the validity of both the deed and subject mortgage and properly denied the plaintiffs motion for summary judgment. Spolzino, J.E, Ritter, Santucci and Garni, JJ., concur.