WILLIAM N. DICKINSON, Respondent, *v.* JAMES H. HART, Appellant.

Defendant, being the owner of a store in which he carried on the jewelry business, entered into an agreement with plaintiff, who was engaged in the stationery business, by which the former agreed to furnish for the use of the latter, one show case and suitable shelving in the store "for the purpose of conducting a stationery business," for the term of five years, plaintiff to pay therefor a percentage on the gross amount of his sales. Plaintiff entered the store and carried on the stationery business therein for two years, when defendant removed to a new store, taking away the show case and shelving he had furnished for plaintiff's use, furnishing him no others in their place; he also rented the store, one-half for a second-hand clothing business, the other half for a dyeing establishment. In an action to recover damages, *held*, that the agreement contemplated that the stationery business should become a department in defendant's store; that he could not, after plaintiff had entered upon that business, so change the character of the business carried on, and the arrangements of the store, as to make it unfit and unsuitable for plaintiff's business, and so destroy it; that the facts justified a finding that defendant, by his acts, had ousted plaintiff, broken up his business and violated his agreement; also, that the agreement did not create the relation of landlord and tenant, and so the rule of damages proper, where that relation exists, did not apply; but that plaintiff was entitled to recover the value of the agreement to him at the time of the breach.

Plaintiff proved the gross amount of his sales for the two years he carried on the business, the amount of his net profits, also the income he was able to make elsewhere during the succeeding year, and what he was able to earn after his business in defendant's store was broken up. *Held*, the evidence furnished a sufficient basis for an award of damages.

(Argued March 14, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor

of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for alleged breach of a contract.

Plaintiff, who was engaged in the stationery business, on April 6, 1887, entered into an agreement with defendant, who was a jeweller and occupied a store in the city of Brooklyn, which is set forth in the complaint. Plaintiff moved his business into the store and carried it on pursuant to the agreement for two years, when defendant moved his business to another store, taking away the shelving and the show cases, including that furnished for plaintiff's use. He let one-half of the store to a dyeing establishment, and the other half to a second-hand clothier, which would necessitate the putting of a partition through the center of the store. No show case or shelving were afterwards offered plaintiff by defendant. Plaintiff left the store and engaged in business elsewhere. A verdict for $3,000 was rendered in his favor.

The further material facts are stated in the opinion.

*James Troy* for appellant. Upon the principle that a plaintiff cannot recover for an avoidable damage, if it was true that he had been deprived of the show case and shelving, he could have re-placed them at a trifling cost, which would have constituted his whole damage and have thereby avoided all injury to his business. (3 Sedg. on Dam. [8th ed.] 295, §§ 201, 215; *Sparks* v. *Bassett*, 17 J. & S. 270; *Meyers* v. *Burns*, 35 N. Y. 269; *Hester* v. *Knox*, 63 id. 561; *Cooke* v. *Soule*, 56 id. 420; *Wright* v. *Bank Metropolitan*, 110 id. 237; *Parsons* v. *Sutton*, 66 id. 92; *Dillon* v. *Anderson*, 43 id. 231; *Hamilton* v. *McPherson*, 28 id. 72.) The court erred in permitting plaintiff to state his purpose in removing plates in April. (*Windmuller* v. *Pope*, 107 N. Y. 674.) The measure of damages is simply the value of the lease, to which may be added the loss occasioned by an injury to property by the act of removal — to be recoverable, profits must be the direct and immediate fruit of the contract and must be independent

of any collateral engagement or enterprise entered into in expectation of the performance of the principal contract. (*Kelly* v. *Miles*, 35 N. Y. S. R. 73; *Hyman* v. *B. C. M. Co.*, 36 id. 927; Taylor on Landl. & Ten. [7th ed.] § 317; *Williams* v. *Bonnell*, 1 M., G. & S. 402; *Mack* v. *Patchen*, 42 N. Y. 167; McAdam on Landl. & Ten. 498; *Noys* v. *Anderson*, 1 Duer, 342; *Shaw* v. *Hoffman*, 25 Mich. 163; *Bernstein* v. *Much*, 130 N. Y. 354; *Friedlander* v. *Myers*, 139 id. 432; *Dennison* v. *Ford*, 10 Daly, 415.)

*Chas. J. Patterson* for respondent. The rule of damages adopted by the court was correct. The plaintiff was entitled to recover the value of the privilege or right which the contract gave him; that is what such a privilege was worth on May 2, 1889, subject to the conditions of the agreement and under all the contingencies that were liable to affect the result. (*Bagley* v. *Smith*, 10 N. Y. 489; *Taylor* v. *Bradley*, 4 Abb. Ct. App. Dec. 363; 39 N. Y. 129; *Wakeman* v. *W. & W. S. M. Co.*, 101 id. 205; 9 Bing. 68; *Hexter* v. *Knox*, 63 N. Y. 561; *Jaques* v. *Millar*, L. R. [6 Ch. Div.] 153; *Chapman* v. *Kirby*, 49 Ill. 211.) In order to estimate the value of the privilege which the plaintiff had, to carry on the business for three years from May, 1889, the jury were entitled to calculate and consider the profits which he would have made if his rights were observed, and upon the issue as to what those profits would be the plaintiff had the right to prove the past profits for the two years during which the business had been conducted. (*Schile* v. *Brockhahus*, 80 N. Y. 614; *Bagley* v. *Smith*, 10 id. 498; *Oue* v. *Wiener*, 40 Md. 15; *Goodsell* v. *W. U. T. Co.*, 21 J. & S. 46; *In re Adams*, 15 Abb. [N. C.] 6; *Chapman* v. *Kirby*, 49 Ill. 211.) The court correctly charged the jury that the defendant could not substantially change the character of the store, nor put in any business which would render it impossible for plaintiff to carry on his business successfully. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Russell* v. *Allerton*,

108 id. 288; *Jones* v. *Kent*, 82 id. 585; *Booth* v. *C. Co.*, 74 id. 15; *Coleman* v. *Beach*, 97 id. 545.)

EARL, J.   At the time of making the agreement hereinafter set out, the plaintiff had had large experience in the stationery business, and the defendant was the owner of a store on Fulton street, in the city of Brooklyn, in which he carried on the jewelry business.   The agreement is as follows:

·        "BROOKLYN, KINGS CO., *April* 6, 1887.

"This agreement made this day between James H. Hart and William N. Dickinson, both of said city of Brooklyn, certifies that James H. Hart hereby agrees to furnish to William N. Dickinson one show case with suitable shelving, also the use of one show window every alternate week during the first year for the purpose of conducting a stationery business in the store 313 and 315 Fulton street, all stock for same to be supplied and all expenses of the department to be borne by William N. Dickinson, in consideration for which privilege William N. Dickinson is to pay to James H. Hart five per cent (5%) of gross sales from date to May 1, 1888, and ten per cent (10%) of gross sales from May 1, 1888, to May 1, 1892.

"Accounting to be made monthly.

                    "JAMES H. HART.
                    "WM. N. DICKINSON."

The plaintiff entered the store and carried on the stationery business as provided in the agreement, until about the first of May, 1889, when he claims the defendant ousted him from the store, and broke up his business, and he brought this action to recover his damages, and he recovered a judgment for $3,000.

Upon the argument in this court the learned counsel for the defendant called our attention to many exceptions taken by him upon the trial; but we do not deem it important to notice many of them particularly.

The agreement provided that the plaintiff might carry on

his business in the defendant's store for a period of about five years, to the first day of May, 1892. It was evidently contemplated by the parties that the stationery business should become a department in the defendant's store, where he was carrying on the jewelry business. The defendant could not after the plaintiff entered upon his business in the store, so change the character of the business to be carried on there, and the arrangements of the store as to make it wholly unfit and unsuitable for the plaintiff's business. The contract was made, not only in reference to the plaintiff's business, but also to the defendant's business. While the defendant may not have been obliged to continue the jewelry business, yet he could not so change the internal arrangement of the store, and so introduce other business therein as to render impracticable and unprofitable, and destroy the plaintiff's business.

We think upon all the evidence it was a question of fact for the jury to determine whether the defendant by what he did and said did not oust the plaintiff from the store, break up his business there and violate the agreement he had made with him; and in submitting the evidence to the jury upon that branch of the case we think the trial judge did not violate any rule of law.

This agreement did not really create the relation of landlord and tenant between the parties. The defendant agreed to furnish the plaintiff with certain facilities to carry on certain business in his store, and the plaintiff was bound to carry on that business there during the period specified in the agreement and to pay the defendant for the privileges accorded to him in the store a certain percentage of his gross sales. The agreement created a business arrangement for the benefit of both parties. The counsel for the defendant is, therefore, in error in claiming that the rule of damages to be applied in this case is that which would have been proper if the relation of landlord and tenant had existed. In such a case, where there has been an eviction, the general rule, to be varied by circumstances is, that the tenant is entitled to recover the difference between the rent reserved and the value of the use

of the premises. But the peculiar nature of this agreement is such that the only general rule of damages which could be applied was the value of the agreement to the plaintiff at the time of its breach. (*Taylor* v. *Bradley*, 39 N. Y. 129; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id. 205; *Bernstein* v. *Meech*, 130 id. 354.)

While the elements from which the jury could determine the amount of the plaintiff's damages were more or less uncertain and problematical, yet we think they were sufficient to furnish a basis for the verdict. The plaintiff proved the gross amount of his sales in each of the two years he was in the defendant's store, and the amount of his net profits, showing that during the last year his sales and profits had largely increased. He also proved what income he was able to make in his business elsewhere during the succeeding year, and what he was able to earn after his business in defendant's store had been broken up; and from these and other facts appearing in the record there was a basis, however unsatisfactory, for the amount of damages awarded by the jury.

We have carefully scrutinized the rules of law laid down by the judge during the trial and his charge to the jury, and we are satisfied that he committed no error.

While the verdict is quite large and if we had the power to deal with it we might regard it excessive, we have no alternative but to affirm the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.