ERWIN LAVENS, Respondent, *v.* CHARLES A. LIEB, Appellant.

*Services — to be paid for, in part, by a percentage of net profits — proof thereof where the business is discontinued and the employee discharged — presumption from past profits.*

Where a contract for services provides that the employee, in addition to a fixed salary, shall receive as compensation a percentage of the net yearly profits of the employer's business, and the business is discontinued before the end of the agreed term of his employment, the employee is entitled, in the event of his wrongful discharge, to recover as damages the profits which he makes it to appear, by such evidence as will authorize the court upon legitimate and proper inferences to ascertain the amount of such profits, would have resulted from a continuance of the business.

Where it appears that while a business was continued profits were made, and the amount of those profits is shown, and the proof justifies the court in concluding that a further prosecution of the business would result substantially in the same way, and that the nature of the business was such that the same amount would be done at substantially the same rates, such proof of the amount of profits actually received is competent evidence from which further subsequent profits may be calculated.

APPEAL by the defendant, Charles A. Lieb, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1896, upon the report of a referee.

*John S. Wise,* for the appellant.

*Joseph K. Murray,* for the respondent.

Rumsey, J.:

In the month of May, 1890, Lavens went into the employ of the defendant in the shops of the Lieb Machine Company for five years from the date of the contract, upon an agreement that Lieb would pay him at the rate of sixty-five dollars a week, and on the first day of January of each year, a further sum, equal to fifteen per cent of the net profits of the business less the sum of fifteen dollars per week for each year or part of the year during which the profits were estimated. The contract, by its terms, was to continue until the 1st day of May, 1895. On the 7th day of March, 1893, Lavens was discharged, without any cause, so far as appears, and he brought this action to recover the damages which he sustained by reason of his unlawful discharge.

Upon the trial before a referee the facts relating to the discharge were not substantially disputed, and the referee, finding that the plaintiff was entitled to damages, awarded him the amount of his salary per week for the term of the contract, and, in addition, the amount which the referee estimated that the plaintiff would have received as his share of the profits of the business, pursuant to the contract, had the business been continued during the whole term for which the plaintiff was engaged. From this amount he deducted the earnings of the plaintiff in other employment after he had been discharged by the defendant, and the sum of fifteen dollars per week during the time for which profits were estimated, and gave to the plaintiff, as damages, the sum of $5,160.68, which amount was reached as above stated. The defendant excepted to the conclusion reached by the referee, and has brought this appeal for the purpose of sustaining his exception, if possible. He presents but one question upon his appeal, and that is as to the correctness of the referee's decision by which he allows to the plaintiff, as a portion of his damages for the breach of the contract, his share of the profits which he finds would have been made by the defendant in the business had that business been carried on during the term for which the plaintiff was employed.

The rule of law is not disputed, that whenever a contract between two parties has been violated by one of them, the person injured is entitled to recover the value of the contract. If he has been deprived of it, he should have in lieu thereof its value, and

that value is to be ascertained by the application of those rules of law which have been laid down for the guidance of the courts. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205.) If the contract is one by reason of which the plaintiff would have received the profits of a business in which he was engaged, under his contract he is entitled to recover as a portion of his damages the profits which he would have received, if those profits can be ascertained. (*Dart* v. *Laimbeer*, 107 N. Y. 664; *Dickinson* v. *Hart*, 142 id. 183.) This rule, of course, can only be applied, and profits can only be awarded by virtue of it, when the plaintiff has made it appear that such profits are reasonably certain to have been made, and if he fails in making that proof he will not be entitled to recover any damages upon such a basis. But his failure to recover in such case does not arise because he is not entitled to his profits, but simply because he has been unable to prove that profits would have accrued from the contract. His weakness is not in the law, but in his evidence. But while he will not be allowed to recover damages which are merely uncertain, speculative and contingent, he is still not required to prove either that profits would have accrued or the amount of them by any other or higher evidence than one is compelled to produce in any other civil action. If he makes it appear by a fair preponderance of the evidence that profits would have resulted from a continuance of the business, and produces such evidence as would authorize the court upon legitimate and proper inferences to ascertain the amount of profits which would have been made, he will be entitled to recover them. (*U. S. Trust Co.* v. *O'Brien*, 143 N. Y. 284.) Applying to this case these rules of law, it will be seen at once that the difficulty, if there was one in the plaintiff's case, was not in his right to recover the profits which were to be paid to him pursuant to his contract, but in the evidence to which he was compelled to resort and which he did produce for the purpose of establishing the fact that profits would have resulted from a continuance of business and the amount of those profits. It is well settled in such cases that one element, and an element of considerable importance in ascertaining the probable profits of business, is the course of the business before the breach of the contract. If it has been made to appear that while the business continued profits

were made, and the amount of those profits is shown, and that evidence is followed up by such proof as would warrant the court in concluding that a further prosecution of the business would result substantially in the same way, those facts would afford a legitimate inference that the business, which had been profitable, would continue to be profitable, and if it was made to appear that the nature of the business was such that the same amount would be done at substantially the same rates, it would be fair to consider the amount of profits received as evidence from which further profits might be calculated. Such was the nature of the evidence in the case of *Dart* v. *Laimbeer* (107 N. Y. 664) and *Dickinson* v. *Hart* (142 id. 183) and other cases upon that subject. Such evidence was given in this case. The term of the contract commenced on the 1st of May, 1890. The profits for the business from that time until the end of December were something over $60,000, and the plaintiff's share was fixed by the defendant at $9,000. For the year 1891, the profits were something over $22,000, and the plaintiff's share was fixed by the defendant at $3,000. For the year 1892, the profits were something over $28,000, and the plaintiff's share was fixed by the defendant at $3,480. These several sums were received by the plaintiff without objection, and it is fair to assume that each payment represented his share of the profits for the year for which it was paid to him. The business of the company in which the plaintiff was employed and which was owned by the defendant very largely consisted in furnishing supplies for the General Electric Company. But that company was not the only customer of the defendant's concern, and their business was not the only business upon which it relied. It was made to appear that the supplies furnished to that company had fallen off largely in the year 1892, but it was also testified to by the plaintiff that the Lieb Machine Company, in which he was employed, had extended its business to many new customers and practically had made up any falling off which there had been in its business with the General Electric Company. As a matter of fact, it was made to appear that, although the business with the General Electric Company had fallen off during the year 1892, yet the actual amount of profits of the machine company had increased in that year from $22,000 to $28,000.

The plaintiff testified, and in this he was corroborated by the book-

keeper of the defendant, that the business was prosperous and was increasing, and that there were no signs of any diminution of business or any falling off of the profits.

The work in which the defendant's company was engaged was furnishing supplies for which there was a constant and increasing demand, and no reason was made to appear why that business, which had been profitable, would not continue to be equally so. To be sure, the defendant, testifying in his own behalf, stated that between ninety and ninety-five per cent of his business was for the Edison Electric Company and afterwards for the General Electric Company from the time the contract was made until he sold out, and that he was compelled to stop because the General Electric Company had concluded to manufacture its own supplies and that would have practically thrown him out of business. But this testimony was contradicted both by the plaintiff and by the bookkeeper, who was familiar with the work that was done, and it is evident that it was entirely unreliable. The testimony produced by the plaintiff was such as to warrant the referee in concluding that the business was likely to be as profitable in the future as it was in the past, and he was at liberty, under the proofs which were adduced, to conclude, as he did, that the plaintiff, had he been permitted to continue his contract and had the defendant continued his business, would have received as profits down to the 1st of May, 1895, substantially the same amounts yearly as he had received for the two years before he was discharged.

Upon a careful consideration of all the testimony, we are clear that, within the rules which have been laid down upon the subject of the recovery of profits, the plaintiff made it reasonably certain that profits would have arisen from the continuance of the business; that he gave sufficient evidence to warrant the referee in fixing the probable amount which would have been received, and that the referee's report was warranted by the evidence. For these reasons we conclude that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, WILLIAMS and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.