### BENYAKAR v. SCHERZ.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

CONTRACT—ACTION FOR BREACH—EVIDENCE—ADMISSIBILITY.

In an action for breach of contract to permit plaintiff to erect and conduct business in booths on defendant's premises, where there was no evidence as to what business the plaintiff could have done, the outlay required, or profits that he might have realized, evidence as to the rental value of and the probable gross receipts from the booths was inadmissible.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 72–76.]

Appeal from Trial Term, New York County.

Action by Isaac Benyakar against John L. Scherz. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

B. L. Kraus, for appellant.

J. Ewen, for respondent.

PATTERSON, J. The merits of this case are altogether with the plaintiff, and he is undoubtedly entitled to recover something for the breach of a contract made between him and the defendant. That contract was in writing. The defendant was the lessee and proprietor of hotel property at Coney Island, and he agreed with the plaintiff to allow the latter to erect kiosks around a loop in front of his property and do business therein. These kiosks or booths were

to be used as places in which to sell certain small articles such as cigarettes, tobacco, peanuts, fruit, flowers, and candies. The plaintiff agreed to erect them in an attractive and artistic manner at his own expense. He was to have the sole and exclusive right to sell the articles. The contract is dated January 16, 1901, and the defendant was to receive $150 on the signing thereof. That amount was paid. The defendant was also to receive other small payments and 10 per cent. of the gross receipts as rent. There were restrictions as to the use of some of the stands or booths, but they are not material. At the time the agreement was made the defendant's business was in charge of one Clayton, manager of the hotel. The plaintiff began to build the booths, and five of them were erected and in place the latter part of March or the early part of April, 1901, and it cost the plaintiff about $600 to put them up. In March or the early part of April they were destroyed and removed by Clayton. The plaintiff was never allowed to go into possession of them. The defendant contended that he is not responsible for the destruction of the structures or the breach of the contract. He claimed that he had turned over the hotel to Clayton, and ceased to have any interest in it. He swears that he so told the plaintiff, and offered back the $150. The evidence shows that the booths were destroyed by Clayton, and the issue was whether Clayton in doing so acted as the agent of the defendant or independently. The jury, by their verdict, found that Clayton was acting as agent, and that finding is abundantly sustained by the evidence. The court charged the jury that, if they should find for the plaintiff, the damages would be the value of the property destroyed, and that in estimating such damages they might take into consideration the rental value of the structures. They were also instructed that from any amount which they might find they must deduct 10 per cent. of gross receipts in accordance with the contract. The verdict of the jury was for $850, and it is insisted by the plaintiff that in that amount the jury did not include and could not have included any allowance or award for the rental value of the booths. The plaintiff testified that such rental value was $1,000 a year, and he was allowed, under objection and exception, to testify as to his opinion of what the gross receipts for the booths for the season of 1901 would be. He fixed them at $4,900 for each booth. It is claimed by the respondent that this evidence was offered so that 10 per cent. might be allowed in reduction of the plaintiff's claim. But the difficulty is that the evidence also tended to establish an element of damage which the plaintiff claimed as resulting from his loss of business. If he were entitled to recover that claimed element of damage, he was required to state facts upon which an opinion could be based. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 217, 4 N. E. 264, 54 Am. Rep. 676. But, apart from that, such facts do not appear in the record as would entitle him to recover 90 per cent. of the conjectured gross sales. The general rule of damage in case of a breach by a defendant is the value of the contract to the plaintiff, and as to the plaintiff's business the value of the contract consisted of the profits to be derived therefrom and in the amount which might have been realized over the expense

and outlay required to carry on that business. Bernstein v. Meech, 130 N. Y. 359, 29 N. E. 255. But in this case what business the plaintiff could have done, what the outlay required might have been, and what profits he might have realized, are purely matters of supposition. There is no evidence relating to either of these matters. Not only were the facts connected therewith not proven, but they appear to be insusceptible of proof. It was therefore error to admit the evidence commented upon.

It is urged, however, that from the amount of the verdict it is apparent that the jury ignored all evidence relating to rental value of the booths or to gross receipts that might have been realized from business had it been carried on in those booths; but that is a pure assumption. It is impossible to say what influence this evidence may have had upon the minds of the jurors on the whole case.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.