# Cases

# FIRST DEPARTMENT

## APPELLATE DIVISION,

### March, 1905.

CHRISTOPHER B. CROSS, Respondent, *v.* SIMON FLORSHEIM and NORMAN S. FLORSHEIM, Appellants.

*Breach of contract of employment as a traveling salesman — measure of damages.*

In an action brought to recover damages for a breach of a contract of employment it appeared that the plaintiff had a contract with the defendants under which he was to render services for them as a traveling salesman during the year 1900, and was to receive as compensation therefor commissions upon goods sold, as well as his traveling expenses; that he was discharged September 1, 1900. It further appeared that the plaintiff had, previous to 1900, rendered similar services for the defendants and was paid therefor similar commissions, including expenses.

*Held*, that evidence as to the amount of the plaintiff's earnings during the months of September, October, November and December, 1899, justified the jury in finding that the plaintiff would have earned a similar sum during the corresponding months of 1900 if he had not been discharged;

That the plaintiff, however, was not entitled to recover from the defendants the hotel bills and traveling expenses paid by him after his discharge.

APPEAL by the defendants, Simon Florsheim and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of May, 1904, upon the verdict of a jury; also from an order entered in said clerk's office on the 18th day of May, 1904, denying the defendants' motion for a new trial made upon the minutes.

*Louis S. Phillips*, for the appellants.

*John A. Mapes*, for the respondent.

PER CURIAM:

The plaintiff had a contract with the defendants by which he was to render services for them as a traveling salesman during the year 1900 and to receive as compensation therefor commissions upon goods sold in addition to his traveling expenses. He was discharged on the first of September and brought this action to recover the commissions which he might have earned during the balance of the year upon the theory that he was wrongfully discharged.

The action was tried and submitted to the jury upon the theory that the plaintiff was entitled to recover, if at all, the commissions which he might have earned after his discharge, together with the sum of $175, conceded to be due him at that time, less what he earned thereafter during the term of the contract. He had a verdict for $979.04. It appeared that he had previous to 1900 rendered similar services for the defendants and was paid therefor similar commissions, including expenses. To establish what he might have earned if he had not been discharged he proved what he earned each month during the year 1899, and also each month down to the time of his discharge in 1900. From this proof it appeared that during the months of September, October, November and December, 1899, he earned $580.42, and we think the jury was justified in finding that he would have earned this sum during the corresponding months of 1900 if he had not been discharged, but the evidence did not justify a finding that he would have earned any greater sum. He, clearly, was not entitled to recover from the defendants the hotel bills and traveling expenses paid by him after he was discharged, nor did the evidence justify a finding that his sales might have been twenty-five per cent larger the last four months of 1900 than they were the corresponding months of the preceding year (*Brightson* v. *Claflin Co.*, 180 N. Y. 76; *Lavens* v. *Lieb*, 12 App. Div. 487) any more than it would that he might have made larger sales had his territory not been restricted.

We think, therefore, all that the evidence justified the jury in awarding the plaintiff was $631.32, viz., $580.42, plus $50.90, the difference between what was conceded to be due him at the time he was discharged and what he earned thereafter.

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to appellants to abide event, unless

the plaintiff stipulates to reduce the judgment as entered, including costs, allowances, etc., to the sum of $859.34, in which event the judgment should be modified accordingly, and as thus modified affirmed, without costs to either party.

Present — VAN BRUNT, P. J., O'BRIEN, INGRAHAM, McLAUGHLIN and HATCH, JJ.

Judgment reversed, new trial ordered, costs to appellants to abide event, unless plaintiff stipulates to reduce judgment as entered, including costs, allowance, etc., to the sum of $859.34, in which event judgment modified accordingly, and as modified affirmed, without costs.