# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### April, 1905.

---

ISAAC BENYAKAR, Respondent, *v.* JOHN L. SCHERZ, Appellant.

*Breach of contract of lease — evidence as to the estimated profits of a business lost thereby — proper rule of damages.*

Under the terms of a written contract one Scherz, the lessee and proprietor of a hotel, agreed to allow one Benyakar to erect, at his own expense, booths in front of the property, and to enjoy the exclusive right to do business in such booths, in consideration of $150 paid at the time of the signing of the contract and of certain other small payments and of ten per cent of the gross receipts of the booths. After Benyakar had, at a cost of $600, erected five booths, and before he had been permitted to go into possession thereof, such booths were destroyed by Scherz's agent.

In an action brought by Benyakar against Scherz to recover damages for such breach of contract, it was

*Held,* that it was improper for the court to allow the plaintiff to testify as to his opinion of what the gross receipts from the booths for the season in question would be;

That the admission of such testimony could not be sustained on the theory that such evidence was offered in order that ten per cent of such receipts might be allowed in reduction of plaintiff's claim, as the evidence also tended to establish the plaintiff's loss of business, an element of damages which he was not entitled to recover, for the reason that the amount of the plaintiff's profits over his outlay were purely matters of supposition, no facts being stated upon which his opinion was based;

That the general rule of damages in case of a breach of contract is the value of the contract to the plaintiff.

APPEAL by the defendant, John L. Scherz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of February,

1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of February, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Bertram L. Kraus*, for the appellant.

*John Ewen*, for the respondent.

Patterson, J.:

The merits of this case are altogether with the plaintiff, and he is undoubtedly entitled to recover something for the breach of a contract made between him and the defendant. That contract was in writing. The defendant was the lessee and proprietor of hotel property at Coney Island, and he agreed with the plaintiff to allow the latter to erect kiosks around a loop in front of his property and do business therein. These kiosks or booths were to be used as places in which to sell certain small articles such as cigarettes, tobacco, peanuts, fruit, flowers and candies. The plaintiff agreed to erect them in an attractive and artistic manner at his own expense. He was to have the sole and exclusive right to sell the articles. The contract is dated January 16, 1901, and the defendant was to receive $150 on the signing thereof. That amount was paid. The defendant was also to receive other small payments and ten per cent of the gross receipts as rent. There were restrictions as to the use of some of the stands or booths but they are not material. At the time the agreement was made, the defendant's business was in charge of one Clayton, manager of the hotel. The plaintiff began to build the booths and five of them were erected and in place the latter part of March or the early part of April, 1901, and it cost the plaintiff about $600 to put them up. In March or the early part of April they were destroyed and removed by Clayton. The plaintiff was never allowed to go into possession of them. The defendant contended that he is not responsible for the destruction of the structures or the breach of the contract. He claimed that he had turned over the hotel to Clayton and ceased to have any interest in it. He swears that he so told the plaintiff and offered back the $150. The evidence shows that the booths were destroyed by Clayton and the issue was whether Clayton in doing so acted as the agent of the defendant

or independently. The jury by their verdict found that Clayton was acting as agent and that finding is abundantly sustained by the evidence. The court charged the jury that, if they should find for the plaintiff, the damages would be the value of the property destroyed and that in estimating such damages they might take into consideration the rental value of the structures. They were also instructed that from any amount which they might find they must deduct ten per cent of gross receipts in accordance with the contract. The verdict of the jury was for $850, and it is insisted by the plaintiff that in that amount the jury did not include and could not have included any allowance or award for the rental value of the booths. The plaintiff testified that such rental value was $1,000 a year and he was allowed, under objection and exception, to testify as to his opinion of what the gross receipts for the booths for the season of 1901 would be. He fixed them at $4,900 for each booth. It is claimed by the respondent that this evidence was offered so that ten per cent might be allowed in reduction of the plaintiff's claim. But the difficulty is that the evidence also tended to establish an element of damage which the plaintiff claimed as resulting from his loss of business. If he were entitled to recover that claimed element of damage, he was required to state facts upon which an opinion could be based. ( *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 217.) But apart from that, such facts do not appear in the record as would entitle him to recover ninety per cent of the conjectured gross sales. The general rule of damage in case of a breach by a defendant is the value of the contract to the plaintiff; and as to the plaintiff's business the value of the contract consisted of the profits to be derived therefrom and in the amount which might have been realized over the expenses and outlay required to carry on that business. (*Bernstein* v. *Meech,* 130 N. Y. 359.) But in this case, what business the plaintiff could have done, what the outlay required might have been and what profits he might have realized, are purely matters of supposition. There is no evidence relating to either of these matters. Not only were the facts connected therewith not proven, but they appear to be insusceptible of proof. It was, therefore, error to admit the evidence commented upon.

It is, urged, however, that from the amount of the verdict it is

apparent that the jury ignored all evidence relating to rental value of the booths or to gross receipts that might have been realized from business, had it been carried on in those booths, but that is a pure assumption. It is impossible to say what influence this evidence may have had upon the minds of the jurors on the whole case.

The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.