ASHKANAZY v. SACHS et al.

(Supreme Court, Appellate Term.  June 5, 1908.)

1. MASTER AND SERVANT—CONTRACTS—EMPLOYMENT—EVIDENCE.
    Evidence *held* to support a finding of a contract of employment for a specified period, authorizing the employé to recover for breach thereof.

2. DAMAGES—BREACH OF· CONTRACT—DAMAGES.
    Where one, engaged to do all the pressing of garments made by another during a specified period, sued for. breach of contract, based on the failure of the latter to comply with the contract, evidence that the former would have made a profit of a specified sum per week showed the measure of damages.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Samuel Ashkanazy against Emanuel Sachs and another. From a judgment in the Municipal Court, rendered in favor of plaintiff, defendants appeal.  Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

J. B. Sabine (Maurice Rose, of counsel), for appellants.
Abraham Oberstein, for respondent.

GILDERSLEEVE, P. J.  The defendant appeals from a judgment rendered in the Municipal Court in favor of the plaintiff.  The question involved was purely one of fact, and the appellants' principal claim is that the judgment is against the weight of evidence.  The plaintiff testified that early in August, 1907, he had a conversation with defendant Vogel, in which Vogel engaged the plaintiff to do all of the pressing of garments made by defendants from August 6 or 7, 1907, to January, 1908; the defendants' pressing to furnish work enough to keep five or six men employed during that time, and the plaintiff agreeing to deposit a certain sum as security for the faithful performance of the work on his part.  Plaintiff did deposit $70.  Vogel at first offered the price for pressing—37½ cents each for pressing cloth jackets, 20 cents for plush jackets, and 15 cents each for skirts—and the plaintiff agreed to try it a week at these prices, and to inform defendants at the close of that time whether or not he would continue for the entire time at that price.  At the

end of that week the plaintiff swears he obtained his pay for the work done, and, not having enough money to pay his help, told his men that the work would no longer be continued. Vogel then told plaintiff to call his men back and to continue at work, and the price would be increased to 45 cents for each jacket and 20 cents for each skirt for the time agreed upon at their first conversation. Plaintiff continued work under this agreement for about two weeks, when, Vogel refusing to pay the last-named price, the plaintiff quit work, and subsequently brought this action to recover damages for breach of the contract.

So far as regards the number of witnesses, the defendants' out-numbered those of the plaintiff; but an examination and an analysis of their testimony shows that the finding of the court below that the truth of the controversy laid with the plaintiff is well-founded and should not be disturbed. The plaintiff gave his testimony in a plain, concise, and straightforward manner, and was unshaken upon cross-examination. He was corroborated as to the prices fixed by the last agreement by one witness. It is conceded by the appellants that the testimony of their witness Silberman is favorable to, and if it is of any value supports, the contention of the plaintiff One Rubensky was called by defendant; but his testimony is merely to the effect that plaintiff told him, some time during the time he was at defendants', that he (plaintiff) could make no money at the first prices agreed to be paid. Defendants' witness Fromet testified merely that at one time he heard the plaintiff say he did not want to press any more, and defendants' foreman, Saperstone, testified that at one time plaintiff refused to work any longer, although it is conceded that the plaintiff pressed 137 jackets and 42 skirts during the second week of his work. One Mabel Turner testified that plaintiff refused to accept a check made by the defendants, and these witnesses constitute the whole number of witnesses called by the defendants and all of the testimony given, none of which bears upon the material issues in the case, except Vogel, one of the defendants, testified in his own behalf, and upon his testimony alone rests the real conflict of evidence. He contradicted the plaintiff's testimony as to agreeing to increase the price of pressing the garments, and this was the gist of his evidence. He also testified positively and unequivocally that nothing was stated, between himself and the plaintiff, as to the time the plaintiff was to be kept by the defendants to do the work. When confronted with the answer, verified by himself, in which he swore that it was agreed between the defendants and plaintiff that plaintiff was to press all the jackets, gowns, and skirts manufactured by defendants "from about the 6th of August, 1907, to the 1st day of January, 1908, and that defendants were to permit plaintiff to press all said garments," he was forced to admit that there was a time agreed upon for the employment of the plaintiff. This was one of the most material points at issue and contended for by the plaintiff, and, Vogel having previously testified that there was absolutely no time fixed for the duration of the contract, in direct contradiction of his positive averment in the answer, the falsity of his testimony on this one material point

might well have discredited his entire testimony with the court.   Vogel also admitted that from 45 to 50 cents for pressing a jacket and from 15 to 20 cents for pressing a skirt was both fair and reasonable, and that he had paid those prices.   This corroborates the plaintiff's testimony that such was the price finally agreed upon between the parties.

The record shows that there is no weight of evidence in favor of the defendants, but that the testimony clearly preponderates in favor of the plaintiff.   As against the testimony of the plaintiff and one disinterested witness stands the presumably discredited testimony of Vogel alone.   The probabilities are also with the plaintiff.   He, it appears, was careful to provide for one week's trial at the prices first offered.   The defendant Vogel had been in business for 20 years, and testifies, as before stated, that the reasonable worth of pressing jackets was from 45 to 50 cents each, and for skirts 20 cents each, and that he paid these prices both before and after plaintiff ceased to work.   He knew that the first prices fixed by him were inadequate, and when the plaintiff ascertained by actual trial that they were so there is reason to believe that Vogel increased the price to what he knew it was worth.   The plaintiff sued for loss of profit during the contract time.   He proved a profit of $36 per week.   This, for 18 weeks between August 14th, and January 1st, would aggregate $648, which, with his $70 deposit, would amount to $718.   As the jurisdiction of the court below is limited, he was compelled to reduce his claim to $500.   The measure of damages was legally shown.   Devlin v. Mayer, 63 N. Y. 8; Wakeman v. Wheeler & W. Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Dickinson v. Hart, 142 N. Y. 183, 36 N. E. 801; Baldwin v. Sullivan T. Co., 142 N. Y. 284, 36 N. E. 1060.

The judgment is right, and should be affirmed.   All concur.