### PATTEN v. LYNETT.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. EVIDENCE (§ 474*)—OPINION EVIDENCE.

 In an action against a newspaper publisher for breach of contract to publish a special edition of a newspaper, and furnish space for advertisements procured by plaintiff, it was error to permit plaintiff to give his opinion as to how many pages of the paper issued were paid advertisements, or as to how many paid advertisements he himself could probably have obtained if he had been permitted to continue his contract, where he had had no experience of a similar edition of a newspaper in the same city, and there were no facts on which he might base his opinion.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2196; Dec. Dig. § 474.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 419*)—PAROL EVIDENCE—VARYING TERMS OF WRITING.

Where defendant, a newspaper publisher, agreed to furnish space for advertisements to be procured by plaintiff, the written contract failing to show the price to be charged by plaintiff for such advertising, parol evidence that advertisers should not be charged more than a certain sum per page was inadmissible as tending to vary the terms of the written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1922; Dec. Dig. § 419.*]

3. ACCORD AND SATISFACTION (§ 1*)—WHAT CONSTITUTES.

Where there were negotiations toward a settlement, and defendant sent two checks to plaintiff, who kept one of them for about a month and the other for about six weeks, and finally returned both, refusing to accept them in satisfaction of his claim, no accord and satisfaction was shown.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 1; Dec. Dig. § 1.*]

4. DAMAGES (§ 120*)—BREACH OF CONTRACT.

In an action for breach of contract, whereby defendant, a newspaper publisher, agreed to furnish space for advertisements to be procured by plaintiff, it was error to allow, in addition to the general damages which plaintiff suffered, special damages for the advertising contracts which plaintiff's canvasser had obtained, and which defendant used.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 298; Dec. Dig. § 120.*]

McLaughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Dana A. Patten against Edward J. Lynett. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Elon S. Hobbs and Cornelius Comegys, for appellant.

Philip Carpenter, for respondent.

HOUGHTON, J. The plaintiff is engaged in the business of superintending special editions of newspapers throughout the country. He solicits the advertisements for such editions, and directs the character of the publication, and pays a certain amount for the space which his advertisements occupy. The defendant is the publisher and proprietor of the "Scranton Times," published at Scranton, Pa. In the summer of 1906 negotiations were had between the plaintiff and the defendant looking to the publishing of a special edition of the "Times" in celebration of the removal of its plant to a building erected for its accommodation. These negotiations terminated in a written contract, which, in substance, provided that the plaintiff should supply canvassers for advertisements for the edition and make collections for the advertisers, and furnish illustrations therefor, and pay the defendant $75 per page for the space occupied; and, in return, the defendant was to print the advertisements as directed, write up and illustrate the locality, advertise the edition, and furnish certain free advertising for plaintiff's benefit. Nothing was contained in the written contract as to the right of the defendant, the proprietor of the paper, to reject

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any improper advertisements, or as to what price the plaintiff should charge for advertising. Plaintiff put canvassers at work soliciting advertisements, and they fixed the price for a full page advertisement to the patrons of the paper at $300. The defendant protested against this, and claimed that it had been agreed that the maximum price should be $250. This was disputed, plaintiff claiming that he had a right to charge what he liked and what he could get; the defendant insisting that it would be of great damage to the paper and himself to compel its patrons to pay over $250 per page, and that such was the agreement. The plaintiff refused to yield, and the defendant refused to have any further dealings with him respecting the special edition, and proceeded to publish the edition himself, realizing a profit thereon from $2,000 to $2,600. Plaintiff's canvassers up to the time of the disagreement as to the price per page to be charged advertisers, and the refusal to permit him to continue, had secured contracts for advertising aggregating about $900, and these the defendant fulfilled and solicited and procured further advertisements. The plaintiff brought this action for alleged breach of his contract and recovered the sum of $5,000 for breach, and, in addition, the value of the advertising contracts which his canvassers had obtained and which the defendant carried out.

Plaintiff had had experience in publishing similar newspapers in other cities, and against the objection of the defendant was permitted to give his opinion in view of the industries in and about Scranton as to what amount of advertising he could probably have gotten for the special edition of the paper, and how it would have compared with that which the defendant obtained, and also as to how many pages of the edition were paid matter. The defendant on his part sought to prove in justification of his refusal to permit plaintiff to continue that the agreement between himself and the plaintiff was that advertisers should not be charged more than $250 per page, and such evidence was excluded on the ground that it tended to vary the terms of the written contract. It was error to permit plaintiff to give his opinion as to how many pages of the paper actually issued were paid advertisements, or as to how many paid advertisements he himself could probably have obtained if he had been permitted to continue his contract. No matter how great the plaintiff's experience may have been in like work and in similar editions of newspapers in other cities throughout the country, it was not competent for him to give his opinion as to what advertising he would probably have been able to secure in and about the city of Scranton. He had had no experience of a similar edition of a newspaper in that city, and there were no facts, and could have been none, upon which he could base his opinion. Advertisers in that city may not have been of the same mind as advertisers in other cities, and may not have viewed the edition with such favor as had been accorded similar editions of other papers in other localities. Opinion evidence of this character is expressly condemned in Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 217, 4 N. E. 264, 54 Am. Rep. 676, and in Benyakar v. Scherz, 103 App. Div. 192, 92 N. Y. Supp. 1089. If there was a breach of the contract, the plaintiff was entitled to recover from the defendant as damages the value of the contract which he held.

This value was for the jury to determine upon such material facts as were capable of proof. The plaintiff could prove his experience in the business of issuing special editions of newspapers, the population and industries and business importance of Scranton, and like facts, the character of defendant's newspaper, how many pages of paid advertisements the defendant actually obtained for the special edition and the prices paid, and it would then become a question for the jury to determine upon all the facts and without any opinion on the subject, upon deducting all the expenditures which the plaintiff would have been put to had he completed his contract, what, if anything, he had lost by being prevented from completing. While all these facts taken together might not form any certain basis as to what the plaintiff lost, they would be the best, from the nature of the case, which could be proved, and upon them the jury could base its conclusion. Personally, I am of the opinion that the written contract, inspected in the light of defendant's interest in protecting the patrons of his newspaper from exorbitant charges for advertising, shows on its face that it is incomplete, and that it therefore comes within the exception to the rule as to oral evidence pointed out in Eighmie v. Taylor, 98 N. Y. 288, and Studwell v. Bush Co., Ltd., 126 App. Div. 818, 111 N. Y. Supp. 293, and hence that parol evidence of an agreement that advertisers should not be charged more than $250 per page was admissible; but the other members of the court are of the opinion that such evidence tended to vary the terms of the written contract, and was therefore properly excluded.

The defendant's answer failed to plead an accord and satisfaction, but on the trial the court permitted an amendment setting up that defense. Even assuming that the court had power on the trial to permit an amendment of such a character, the defendant failed to prove such a defense. There were negotiations toward a settlement, and defendant sent two checks to plaintiff who kept them—one for about a month and the other for about six weeks—and finally returned both of them, refusing to accept them in satisfaction of his claim. While the checks were kept an unusual length of time, they were finally returned, and the learned trial court properly charged the jury that an accord and satisfaction was not proven.

The jury were permitted to give in addition to the general damages which they deemed plaintiff had suffered from breach of the contract special damages for the advertising contracts which plaintiff's canvassers had obtained, and which the defendant used and carried out. This was erroneous because such special damages formed a part of the general damage which plaintiff sustained from the breach of the contract by defendant.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice HOUGHTON in so far as he directs a reversal of the judgment and for the reasons stated by him. I do not, however, agree with

him that the court properly charged the jury "that an accord and satisfaction was not proven." The answer was amended at the trial, and an accord and satisfaction was pleaded as a defense. The propriety of the amendment is not presented on this appeal. When the defendant sent the plaintiff the two checks in question, he notified him that the same were in full payment. The plaintiff was then bound to promptly return the checks, or else accept them upon the conditions imposed. It was for the jury to say whether he did not by retaining the checks the length of time he did intend to accept them in full payment of his claims.

I am of the opinion that the court erred in holding, as matter of law, that the defense of accord and satisfaction was not proved.

