MAY v. BREUNIG et al.

(Supreme Court, Appellate Term. December 22, 1909.)

1. LANDLORD AND TENANT (§ 5*)—CREATION OF RELATION.

A contract for the right to place signs on the buildings of another does not create the relation of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 3, 8; Dec. Dig. § 5.*]

2. DAMAGES (§ 120*)—BREACH OF CONTRACT—MEASURE OF RECOVERY.

The measure of damages for breach of contract for placing signs on defendant's building is the value of the contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 291; Dec. Dig. § 120.*]

3. EVIDENCE (§ 471*)—OPINION OF WITNESS—PROFITS FROM CONTRACT—DAMAGES.

The opinion of plaintiff as to the profits he expected to realize from the contract breached by defendant is not admissible, where no facts are stated on which an opinion could be based.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2150; Dec. Dig. § 471.*]

4. DAMAGES (§ 45*)—BREACH OF CONTRACT—EXPENSES INCURRED.

In an action for breach of contract, plaintiff may recover the expenses incurred by him in preparing to avail himself of his contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 93; Dec. Dig. § 45.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. DAMAGES (§ 177*)—BREACH OF CONTRACT—EVIDENCE.

In an action for breach of contract to allow plaintiff to place signs on defendant's buildings in a city, plaintiff cannot recover the expense of preparing the signs, in the absence of evidence that the signs were not worth their cost in parts of the city other than defendant's buildings.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 469; Dec. Dig. § 177.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Solomon May against Frank Breunig and Frederick Knecht. From a judgment for plaintiff, he appeals on the ground of the insufficiency of damages. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

John H. Regan, for appellant.

Sol. Simmons, for respondents.

GOFF, J. Plaintiff entered into a contract with defendants, by which he acquired the privilege of building and maintaining signs, for the period of one year, upon a building in the city of New York of which defendants were lessees; but, before the date at which this privilege was to begin defendants refused to allow any sign to be erected. In the meantime, between the date of the contract and the date when plaintiff's privilege was to go into effect, he had had signs made for erection on defendants' building. In a suit on the contract, plaintiff obtained judgment for $20, the amount which he had paid defendants for the privilege. On this appeal he contends that the damages awarded are insufficient, since they did not include damages incurred in preparing to avail himself of the rights accorded to him by his contract, nor the amount of profits which he might have realized from his signs.

This contract did not create the relation of landlord and tenant. Reynolds v. Van Beuren, 155 N. Y. 123.[1] The measure of damages is the value of the contract. Dickinson v. Hart, 142 N. Y. 183, 36 N. E. 801. But, even if that value is not so speculative as to make it impossible of proof, there are no facts in the record from which the court could have made even an approximation. Plaintiff testified, in reply to questions put by his counsel, that he had had about 100 signs prepared within a year or two, and that his books showed the business which accrued to him from them. He was then asked what profits he could have realized from the use of the signs which he proposed to erect on defendants' building, but was not allowed to answer. There was no error in this ruling, because no facts were stated upon which an opinion could be based. Benyakar v. Scherz, 103 App. Div. 192, 92 N. Y. Supp. 1089.

Plaintiff was entitled to recover the expenses incurred by him in preparing to avail himself of his contract. Bernstein v. Meech, 130 N. Y. 354, 29 N. E. 255; Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055. But there is no evidence of such expenses. No damages could be allowed for making the signs, because there is no evidence that they were not worth to plaintiff, in parts of the city other than de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 49 N. E. 763, 42 L. R. A. 129.

fendants' premises, as much as their cost. Neither is there evidence that the storage of these signs was made necessary by defendants' breach of contract, while the fact that they were stored, instead of destroyed, shows that they had some value, aside from the immediate use to which they were to be put.

Judgment affirmed, with costs. All concur.