### WILKESBARRE REALTY CO. v. ATKINS.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. TRIAL (§ 139*)—QUESTION FOR JURY—COUNTERCLAIM—SUFFICIENCY OF EVIDENCE.

Where the evidence in support of a counterclaim failed to show a claim for a definite sum, refusal to strike out the evidence on motion was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. ACCORD AND SATISFACTION (§ 11*)—WHAT CONSTITUTES.

Where defendant's rent was payable on the first Friday of October, and on the 30th he sent plaintiff's agent a check, but deducted $50 for failure of water supply, saying on his statement, if it was not satisfactory, to return the check, and the agent kept the check until December 4th to investigate the facts and confer with the president, who was away, and then wrote that his proposition was not accepted, tendering the check, there was no accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

3. ACCORD AND SATISFACTION (§ 11*)—WHAT CONSTITUTES.

Defendant's rent was payable on the first Friday of October, and on the 30th he sent plaintiff a check, deducting $50 for failure of water supply, saying on the statement, if not satisfactory, to return the check at once. The agent kept the check until December 4th to investigate the facts and see the president, who was away, and then wrote that the offer was not accepted, tendering the check. On December 3d defendant wrote plaintiff, "Inclosed * * * my check for $70, being in full settlement of the rent * * * to December 31st, * * *" which plaintiff accepted, thinking the letter referred only to the December rent. Held, there was no accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Wilkesbarre Realty Company against Harold B. Atkins. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Ernst, Lowenstein & Cane, of New York City (Melville H. Cane, of New York City, of counsel), for appellant.

George E. Morgan, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. This action was brought to recover the rent of an apartment for the month of October, 1912. The defense consisted of the plea of accord and satisfaction, as well as of a counterclaim for failure to furnish an adequate supply of cold water.

[1] Of the counterclaim it may be said at once that the proof was insufficient to establish a claim for any definite amount, and the evidence thereof should have been stricken out as defendant requested.

[2] As to the accord and satisfaction: The October rent, $70, was payable on the first Friday of the month. On the 30th day he sent to the plaintiff's agents a check for the month's rent, deducting $50 as a counterclaim for six weeks' failure of cold water supply, and added:

"If this statement is not satisfactory, you will kindly return my check at once."

Plaintiff's agents made no reply until they had been able to consult plaintiff's president, who was out of town, and also an employé of their own, who had knowledge of the matter of the water supply. On December 4th they so wrote the defendant, and told him that his proposition was not accepted, and endeavored within the week to return the check, which, however, defendant and his counsel declined to accept. The check in the meantime had been neither indorsed nor deposited. This did not constitute an accord and satisfaction, as held in a case almost on all fours, namely, Patten v. Lynett, 133 App. Div. 746, 118 N. Y. Supp. 185.

[3] Defendant seeks also to establish an accord by virtue of its letter of December 3d, reading:

"Inclosed herewith is my check for $70, being in full settlement of the rent of my apartment to December 31, 1912."

The check therein inclosed was accepted and deposited. It is quite evident, however, that defendant did, and was entitled to, understand this letter as referring only to the December rent, the amount of which was undisputed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.