Glennon, J.
Plaintiff was employed as a sales representative of the defendants on a 10% commission basis. Her compensation was computed on all orders received from the territory assigned to her without regard as to whether she or others obtained the orders. The employment appears to have been at will until about the middle of February, 1945, when plaintiff claims to have entered into an oral agreement with defendants whereby she was retained as such sales representative for the balance of the year 1945. Because of her discharge in March, 1945, she brought this action to recover damages for the alleged breach of the February oral contract of employment.
For the purpose of establishing the amount of her damages, plaintiff testified to the monthly commission paid to her during 1944. The trial court dismissed the complaint at the end of plaintiff’s ease on the ground that plaintiff’s prior earnings were not the proper measure of damages. The court was of the view that proof as to the sales made in plaintiff’s territory between discharge and the end of the contract period would be the best possible guide for the jury in assessing damages, because the alleged agreement provided for payment of commission based on all orders received from plaintiff’s territory, whether or not she had procured them. It would appear that proof of sales subsequent to discharge was available, but plaintiff’s counsel refused to put it in evidence, although the court suggested that he do so.
Where a plaintiff can establish the exact amount of his loss by competent proof and he fails to do so, the jury will not be permitted to speculate as to the amount of damages to be awarded. That, however, is not the case here. The proof to which the trial court limited plaintiff in establishing damages would not eliminate all speculation, nor would it necessarily serve as a better guide than the one offered by plaintiff. The alleged agreement contemplated payment of commissions on all orders received from plaintiff’s territory while she was in defendants’ employ and actually engaged in promoting sales of defendants ’ products. Her discharge prevented a continuance of her activities and may have resulted in a falling off of sales. The measure of damages suggested by the court need not have *650 been more accurate than the one relied upon by plaintiff. If a choice is to be made, it would seem that prior earnings might afford a better guide since they reflect the time and effort spent in canvassing and stimulating sales in the assigned territory, whereas sales made subsequent to discharge do not.
Had there been an increase in sales after plaintiff’s discharge, the court’s suggestion undoubtedly would have been accepted. The refusal to do so indicates that there was a substantial decrease. Whether defendants would have received more orders had plaintiff continued in their employ is open to question. It may well be that the drop in sales was. due to changed conditions and would have occurred even though plaintiff had not been discharged. If that be so, defendants are at liberty to submit proof to that effect, so that the jury may take it into consideration in determining the amount of damages to be awarded, if any. (Palmer v. New York Herald Co., 228 App. Div. 176, affd. 255 N. Y. 572.) Plaintiff, however, is not required to offer such proof as part of her prima facie case.
If an agreement, such as claimed by plaintiff, was entered into and breached by defendants, she is entitled to recover damages. The fact that there is an element of uncertainty as to the amount will not preclude a recovery if some reasonable basis for a determination of the amount exists. (Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205.) Prior earnings have been considered a proper element of damages. (Cross v. Florsheim, 102 App. Div., 498; Herman v. Pierce Co., 105 App. Div. 16; Ehrenworth v. Stuhmer & Co., 229 N. Y. 210.) Where, as here, the employee is required to pay his own expenses, the commissions paid by the employer prior to discharge do not represent the prior earnings upon whidh an assessment of damages may be properly based. In such case, the expense incurred in producing the orders upon which the commissions were computed must be shown.
For the reasons assigned, the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Peck, P. J., Dose, Callahan and Van Vooehis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See 276 App. Div. 835.]