■ HI-HO DRIVE-IN AND TASTEE-FREEZ, INC., Respondent, v. ALLEGANY TASTEE-FREEZ SALES, INC., et al., Appellants.— Judgment insofar as it awarded damages in the sum of $4,959 unanimously reversed on the law and facts and a new trial granted on the issue of damages, if any, and otherwise judgment affirmed, with costs to plaintiff-respondent. Memorandum: The record amply supports the determination of the Trial Justice that the defendant breached its exclusive territorial agreement with the plaintiff, and that the plaintiff may well have sustained damages as a result. However, the record does not support the determination of the Trial Justice that plaintiff was damaged in the amount of $4,959. In arriving at this determination the Trial Justice found that the plaintiff reasonably could have expected to receive in gross sales of " Tastee-Freez " and related ice cream products from June through September, 1962 at least 156% more than such sales in 1961. The record does not support such a finding, nor is there support for the finding of the Trial Justice that the plaintiff's gross profits from the sales of the defendant's products were 43%. Furthermore, there was nothing in the record to demonstrate what the loss of net profits would have been if in fact there had been such a loss. In reversing that portion of the judgment which awards damages, we do not necessarily hold or infer that the plaintiff's theories as to damages were so speculative that an award may not be based thereon. (*Dickinson* v. *Hart,* 142 N. Y. 183; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205; *Bagley* v. *Smith,* 10 N. Y. 489.) We merely hold that such theories were not factually supported. It may be that someone familiar with plaintiff's books and records can supply analytical and factual information to support the plaintiff's contentions. Plaintiff should have an opportunity to produce evidence that will reasonably demonstrate plaintiff's net loss, if any. There is no reason for a retrial of the question of breach of contract. (*Crawford* v. *Town of Hamburg,* 19 A D 2d 100; *Tobin* v. *Union News Co.,* 13 N Y 2d 1155.) (Appeal from judgment of Cattaraugus Trial Term in favor of plaintiff in an action for an injunction and damages as a result of a breach of a restrictive agreement.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.