PER CURIAM.
Fashion Mart Building, Inc., defendant below, appeals from an adverse final judgment, as amended, which was rendered after a non-jury trial.
Defendant’s first point for reversal states:
“Where there is a dispute as to an amount due and the debtor delivers a check to the creditor upon the explicit condition that the check is in full payment of the obligation, does the retention of such check by the creditor constitute an accord and satisfaction.”
Here, the amount due the plaintiff, the intention of the plaintiff and the reasonableness of the time plaintiff retained the check from the defendant were disputed matters which were determined by the trier of facts.
“Whether there is an accord and satisfaction ordinarily involves a pure question *732 of intention, which is, as a rule, a question of fact.” 1 Fla.Jur. Accord and Satisfaction, § 3, p. 71. See also Patten v. Lynett, 133 App.Div. 746, 118 N.Y.S. 185 (1909); and American National Bank v. Bradford, 28 Tenn.App. 239, 188 S.W.2d 971 (1945). We find no error on this point.
Defendant’s remaining points for reversal relate to the sufficiency of the evidence to support certain findings made by the trial judge. A review of the conflicting testimony and evidence reflects sufficient, competent and substantial evidence in the record on appeal to sustain such findings. The final judgment is, therefore,
Affirmed.